Young v. Smith.

———+●●●+———

YOUNG, Defendant in Error, v. SMITH, Plaintiff in Error.

1. Where a tenant, after the termination of the time for which the premises are demised to him, willfully holds over, no demand in writing is necessary to enable the landlord to maintain an action for unlawful detainer against him.

2. Where the term of a tenant is to end at a time certain, no notice to quit is necessary, whether the term is for less or more than a year.

3. To authorize the maintenance of an action for unlawful detainer, it is not necessary that the plaintiff should have been in the possession of the premises ; a grantee can maintain such action if his grantor could.

*Error to Jackson Circuit Court.*

This was an action for an unlawful detainer. The plaintiff adduced in evidence an instrument in writing, dated September 16, 1857, by which it was stipulated, among other things, that Smith, the defendant in this suit, " is to retain the occupancy of the house and grounds now in his possession and rented heretofore from John Lewis, until the first day of January next, at which time the rents, &c., * * * * It is understood that said Smith is to give the said Young peaceable possession of the said premises without delay on the first of January, 1859." Upon this instrument, with proof of possession on the part of defendant, and of the value of the use and occupation, the plaintiff relied to support the action. The defendant offered to prove that he leased the premises from one John Lewis for one year from January 1, 1857. The court excluded the evidence. There was evidence bearing upon the existence of an agreement subsequent to January 1, 1858, for a prolonged occupancy on the part of Smith. The court refused the following instructions asked by defendant : " 1. Unless the jury believe from the evidence that plaintiff before the commencement of this suit made a demand in writing for the possession of the premises in dispute from defendant, they should find for the defendant. 2. The agreement in writing between the parties does not show that Smith leased the premises from the plaintiff ; and unless the jury believe from the evidence that Smith did lease the premises from plaintiff, they should find for defendant, although they may believe that Hiram Young is the legal owner thereof. 4. Unless the jury believe from the evidence that before the commencement of this suit plaintiff had possession of the premises in controversy, they will find for the defendant." The jury found for the plaintiff.

*Ewing*, (attorney general,) for plaintiff in error.

1. The court erred in excluding evidence of a lease of the premises from Lewis to defendant. If there was such lease either for a definite time or at will, plaintiff could acquire no right of action or of possession under the agreement read in evidence.

II. There was no evidence in writing by plaintiff for the possession of the premises prior to the commencement of the suit, and the court therefore erred in refusing the first instruction asked by defendant. (R. C. 1855, p. 787, § 3.)

III. If the agreement in evidence was a lease, it being for less than one year, defendant was entitled to one month's notice to quit, and the second instruction given for plaintiff *was wrong.* (R. C. 1855, p. 1912, § 13.) This notice is necessary in all cases of a tenancy at will, sufferance, or for less than one year. Notice is dispensed with where the term is to end at a certain time, if it exceeds a year. (R. C. 1855, p. 1011, § 13, 14.)

IV. The agreement was an attornment to a stranger, can not affect the possession of the landlord, Lewis, and is void, a nullity. (R. C. 1855, p. 1013, § 15.) If defendant originally entered under the title of Lewis, the taking a lease from plaintiff was a fraudulent attornment, by which Lewis, the lessor, can not be prejudiced. It was an absolute nullity, and did not create the relation of landlord and tenant. (Jackson v. Harper, 5 Wend. 249.) Whether the instrument in evidence is a lease or an attornment, defendant might have disputed plaintiff's title if there was a subsisting lease with Lewis when it was entered into, and it is no infringement of the rule that a tenant shall not dispute the landlord's title. (Cornish v. Seavell, 8 Barn. & Cres. 475; Blue v. Sayre, 2 Dana, 213.) Plaintiff never having had possession of the premises, and not being the vendor or assignee of the landlord Lewis, nor holding title otherwise from or under him, can not maintain this action of forcible entry and detainer. (R. C. 1855, p. 794, § 36, 37, 38; Holland v. Reed, 11 Mo. 605.)

*Ryland & Son*, for defendant in error.

I. By the agreement read in evidence, the defendant Smith acknowledged Young as his landlord, and by said agreement fixed the time to surrender the possession of the premises to the plaintiff. This time was agreed upon and consequently the renting or occupancy was to expire at a stated day, and no notice was necessary requiring the defendant to quit. (R. C. 1855, p. 1012, § 14.) The agreement read in evidence was a clear and plain acknowledgment by defendant of the plaintiff as his landlord, and consequently the evidence offered by defendant showing that he had previously rented the premises of John Lewis, was irrelevant, and offered nothing by way of defence to the plaintiff's action and was properly excluded. The testimony on the part of the defendant tending to show that he had made a subsequent agreement with plaintiff to the one read in evidence, was, under proper instructions, left with the jury, and their verdict shows that there was no such agreement.

SCOTT, Judge, delivered the opinion of the court.

The third section of the act concerning forcible entry and detainer describes two modes by which the wrong of an unlawful detainer may be committed. To entitle a plaintiff to remedy for an unlawful detainer in the manner first mentioned in that section, no demand in writing is necessary. If the tenant holds over the premises after the termination of the time for which they were demised or let to him, he is subject to a suit for an unlawful detainer without any demand in writing for the delivery of the possession. This is evident from the words of the statute. A demand in writing is only necessary when any person wrongfully and without force shall obtain and continue in possession of the lands of another.

We do not see what a lease from Lewis to the defendant has to do with the case, as he acknowledged the plaintiff to be his landlord. There was no evidence given or offered that

Lewis denied the right of the plaintiff.   On the contrary, the.
circumstances raise a strong presumption of a conveyance or
sale of the premises by Lewis to Young, the plaintiff, and
there is no pretence that there was any misrepresentation on
the part of the plaintiff.   There is no foundation in the evi-
dence for the application of the law relative to the attorn-
ment by a tenant to a stranger.   So far from it, the case fur-
nishes an instance in which the rule is applicable, that a
tenant can not dispute the title of his landlord.   (Hall v.
Butler, 2 Perry & Dav. 374 ; 10 Adol. & Ellis, 204.)

When the term of a lease is to end on a precise day, there
is no occasion for a notice to quit previously to bringing an
ejectment, because both parties are equally apprised of the
determination of the term.   (Cobb v. Stoke, 8 East. 358.)
In this case the lease was for a less term than one year.
(Messenger v. Armstrong, 4 Term, 54 ; ib. 162.)   Although
the thirteenth section of the act concerning landlord and ten-
ant, among other tenancies, allows a tenancy for less than
one year to be terminated by a month's notice to quit, yet
the section immediately succeeding enacts that no notice to
quit shall be necessary to or from a tenant whose term is to
end at a certain time, or where by agreement notice is dis-
pensed with.   This is nothing but a principle of common law,
and it is applicable to all tenancies without regard to their
duration.

· The doctrine of the case of Reed v. Holland, 11 Mo. 605,
and others like it, that he only who has been in possession
of land can maintain a suit for a forcible entry and detainer
or of unlawful detainer, was changed at the last revision ;
(R. C. 1855, p. 794, § 36 ;) and now heirs, devisees, grantees
and assigns may have these remedies.

Judgment affirmed ; Judge Richardson concurring.   Judge
Napton absent.