HENRY PENTZ, Respondent, v. FRANK KUESTER, Appellant.

1. *Landlord and Tenant—Unlawful Detainer—Estoppel.*—Under the present statutes of this State, a tenant when sued by his lessor in unlawful detainer, may show by way of defence that the landlord has parted with the title, and that as tenant he has attorned to the purchaser or assignee (G. S. 1865, ch. 187, §§ 36 & 40); but the tenant cannot set up an outstanding title, or title paramount to that of the landlord or his assigns.

2. *Estoppel—Partition—Judgment—Landlord and Tenant—Conveyances.*—A judgment in partition estops the parties to the suit and all persons claiming in privity with them. The deed made by the sheriff under an order of sale in a suit in partition is the act of the parties themselves, and the purchaser at such sale is to be treated as a grantee within the meaning of the statute. (G. S. 1865, ch. 187, §§ 36 & 40.)

*Appeal from Sixth District Court.*

*T. W. Cunningham* and *Voullaire*, for appellant.

I. A tenant is not estopped from showing that the title of his landlord is extinguished or transferred, and that he holds under the purchaser as his tenant, and may show that the title under which he entered has expired or been transferred—G. S. p. 742, §§ 38, 39 & 40 ; 6 Wend. 670 ; 3 Hemp. 16 ; 33 Mo. 292 & 105 ; 10 Humph. 49 ; Tay. Land. & Ten. § 629 ; Smith's Land. & Ten. p. 296, note.

II. A sale under proceedings of partition is a sale by the parties themselves—25 Mo. 575 ; 33 Mo. 105 ; 3 Ired. Eq. 347.

III. The title to the property sold and the possession are vested in the purchaser by virtue of the decree of the court and the deed from the sheriff—1 Hill. on R. Prop. 606.

IV. Derivative title from Pentz, the respondent, is admissible in evidence—G. S. p. 733, § 40 ; Young v. Smith, 28 Mo. 66.

V. Pentz, the respondent, being a party to the proceedings in partition, is estopped both in law and in equity from setting up any right to the property sold or to the possession thereof—G. S. p. 614, § 34 ; 14 Mo. 153 ; Forder v. Davis, 38 Mo. 115.

The several statutes of partition and landlord and tenant in *pari materia*, relating to the same subject, are to be taken together and compared in construing them, because they are considered as having the same object in view and acting upon one system—4 Kent Com. 463.

*Wm. A. Alexander & E. A. Lewis*, for respondent.

I. It is a well settled principle of law, that the tenant cannot dispute the title of his landlord—Ad. on Eject. 276, and cases cited.

II. It is equally as well as settled, that in proceedings of forcible entry and detainer, title or right of property cannot be inquired into.—R. C. 1865, p. 732, § 26 ; Stone v. Malot, 7 Mo. 158, 377 ; Alexander v. Wescott, 37 Mo. 108.

HOLMES, Judge, delivered the opinion of the court.

It appears that the plaintiff leased the premises in dispute to the defendant for one year, and gave him possession. But before the expiration of the lease, all the right, title and interest of the plaintiff in the land had been sold and conveyed to one Lewis Brecker, under a judgment and order of sale in partition in a suit in which the lessor was a party plaintiff, claiming as a tenant in common with the other parties ; and upon the expiration of the term, the lessee took a new lease from the purchaser at the partition sale, and continued to hold the possession. The plaintiff brings this action of unlawful detainer against him under the statute, alleging that he was holding over wilfully and without force—Gen. Stat. 1866, ch. 187, § 3.

For his defence, the defendant relied upon the record of the partition suit, the sheriff's deed under the order of sale, and his lease from the purchaser. This evidence was introduced for the purpose of showing a derivative title from the lessor himself since the date of the lease.

The court instructed the jury for the plaintiff to the effect that the tenant could not dispute the title of his landlord, nor the court inquire into the matter of title, in this form of ac-

tion. This was doubtless so far correct as the general rule, but it did not cover the whole case made. It did not meet the defence.

An instruction was refused for the defendant to the effect that, upon the evidence offered to prove a derivative title from the lessor to the defendant, the plaintiff was not entitled to recover.

Under the provisions of the statute (Gen. Stat. 1866, ch. 187, §§ 36–40) this evidence was admissible, and the instruction should have been given. By these sections heirs, devisees, grantees, and assigns are entitled to this remedy in the same manner as the ancestor, devisor, grantor, or assignor, and evidence or proof of rights under derivative titles since the demise is made admissible in this action. These provisions were first enacted in the revision of 1855. The older decisions bearing upon this point can no longer govern this question. Holland v. Reed, 11 Mo. 605 ; Picot v. Masterson, 12 Mo. 303. That a grantee of the plaintiff who had by his own act and deed made the grant could show such conveyance of the lessor's title and right of possession to himself, and maintain this action against the lessee holding over wilfully and without force as against him, there can be no doubt. There would be neither reason nor justice in requiring the lessee in such case to submit to an action of unlawful detainer before acknowledging the right of such grantee to the possession of the premises. His attornment to him must be considered as lawful and as made with the consent of the landlord.

Though the tenant could not dispute the title of the landlord, nor set up a paramount title or an adverse possession against either the grantor or grantee, nor the court inquire into the matter of title in general, it was still competent for the defendant, under the statute, to show that the plaintiff's title and right of possession had been transferred to himself since the demise. These sections of the statute have so far assimilated this proceeding to actions for rent or in ejectment, in which it was always allowable for the

tenant to show that the lessor's title had expired, or had been extinguished, or transferred to himself, since the date of his lease—Jackson v. Rowland, 6 Wend. 670; Bowser v. Bowser, 10 Humph. 49; Binney v. Chapman, 5 Pick. 124; Tay. Land. & Ten. § 629.

The proceedings in partition were binding and conclusive upon all parties to the record, and upon all those holding under them afterwards; and the plaintiff was estopped from denying that his title and right of possession had been extinguished by the transfer of both to the purchaser at the partition sale—Owsley v. Smith, 14 Mo. 153; Forder v. Davis, 38 Mo. 115. It was a sale by act of the parties themselves as well as by the judgment of the law, and not a sale *in invitum* like an ordinary sheriff's sale under execution. The partition was had upon the petition of this plaintiff; and the sheriff's deed in partition must stand upon the same footing here as if it had been a voluntary conveyance of the title by the plaintiff himself. The purchaser will be considered as his grantee, within the meaning of the statute.

The matter did not involve an investigation of the merits of the title, but only the derivation and transfer of the lessor's title to the lessee, the plaintiff's right to recover the possession as a matter of fact, and his right to maintain this action. In such case the withholding of the possession by the defendant was neither wilful nor unlawful.

This position is not really inconsistent with the decisions which hold, under the former statutes, that this action could not be maintained by a plaintiff who had never been in the actual posssession, and who would be put to an action of ejectment to recover the possession, any further than the changes made in the act now require, by admitting proof of a derivation of title from the lessor, by heirs, devisees, grantees and assignees. The case of Blount v. Winright, 7 Mo 50, and Hatfield v. Wallace, 7 Mo. 112, and Warren v. Ritter, 11 Mo. 354, and Holland v. Reed, 11 Mo. 605, are no longer applicable. The same may be said of other like cases: Dunn v. Hunter, 25 Ala. 714; Dwine v. Brow, 35 Ala. 596. As against

a mere intruder, a naked trespasser, or one entering by paramount title, or claiming under an execution sale *in invitum*, it is supposed that the true owner, or the execution defendant, might maintain this action by virtue of his actual possession, upon which the unlawful entry was made, in accordance with the authorities: Warren v. Ritter, 11 Mo. 354; Young v. Smith, 28 Mo. 65; Spalding v. Mayhall, 27 Mo. 375; Alexander v. Westcott, 37 Mo. 108; Russell v. Desplous, 29 Ala. 308. But the plaintiff here had neither the actual possession, nor the constructive possession by legal seizin, at the expiration of this lease, when the wrongful entry is said to have taken place. It is true that if, as in those cases, the derivative title could not have been investigated, or if the plaintiff had never parted with his title and right of possession, the possession of the tenant would have continued to be his possession until delivered up to him or abandoned. But by his own act and deed his title and right of possession have been transferred to the tenant since the date of the lease, and it was competent for the defendant, under the statute, to show this fact by way of defence to the action. For this purpose he is placed by the statute in the position of a defendant in an action for rent, or ejectment, who may show that he lawfully acquired the title and possession from his lessor subsequently to the demise—Tay. Land. & Ten. § 629. It amounts to an attornment with the consent of the landlord—Gen. Stat. 1866, ch. 189, § 15.

It is unnecessary to invoke either of the other clauses of this fifteenth section. We are not now called upon to put a definitive construction upon them; but, for all the purposes of this case, we may presume that the judgment or decree, there spoken of, means a judgment or decree by which the tenant may be bound, and which takes the possession away from him and his lessor, and not every judgment or decree that may be rendered against the landlord. It is very probable, also, that the latter part of the same clause refers to a sale made in the execution of a power to sell given in a deed of trust, and not to a sale under execution *in invitum* as to the owner.

But the third clause of the section respecting the attornment of the tenant to a mortgagee after forfeiture, as well as the provision concerning a sale under a deed of trust, evidently proceeds upon the principle here recognized, that a voluntary conveyance of his title by the lessor to a third person, after the execution of the lease, extinguishes both his title and possession. A tenant accepting a new lease under the grantee, in such case, must be considered as holding by the act and consent of the landlord. The allegation of a wilful and unlawful detainer is thus completely disproved. The relation of landlord and tenant no longer exists between them; and there is no unlawful entry upon any possession of the plaintiff, actual or constructive.

Under a like statute, where the remedy before the justices was suspended, if the tenant alleged a right or title accrued since the commencement of the lease by *descent*, *deed*, or *will* of the lessor, it was said that "where the relation of landlord and tenant is completely dissolved, after the commencement of the lease, either by the act of the parties or by the act of the law, the justices ought not to proceed as if that relation continued to exist," and that "where the tenant has acquired the title after the commencement of the lease, from the lessor himself, by *descent*, *deed*, or *will*, the relation of landlord and tenant is at an end, and the summary remedy to obtain possession no longer applies"—Debozear v. Butler, 2 Grant's Cas. 421. This was by force of the peculiar provisions of the statute. So, here, it is by force of the statute that evidence was admissible to prove a derivation of title from the lessor; and the effect of such proof, when made, must be the same in this case to the extent that it was allowed by the act. We have come to the conclusion, therefore, that the defence was good, and that the first instruction asked for by the defendant should have been given.

Judgment reversed and the cause remanded. Judge Wagner concurs; Judge Fagg absent.