————o————

HENRY STAGG, Appellant, vs. EUREKA TANNING & CURRYING COMPANY, Respondent.

1. *Landlord—Title not disputed by tenant.*—One holding under a lease cannot dispute the title of his lessor by showing him to be trustee of one having adverse or paramount title, and the same rule applies to the assignee of the lessee.

*Appeal from St. Louis Circuit Court.*

*P. E. Bland,* for Appellant.

*Krum & Patrick,* for Respondent.

VORIES, Judge, delivered the opinion of the court

This action was brought by the plaintiff in the St. Louis Circuit Court against the defendant to recover the amount of $2,086.66, on an account for rent alleged to be due from the defendant to one John How, and which had on the 9th day of August, 1869, been assigned and transferred in writing to the plaintiff.

There is no question made on the pleadings; the petition being in the usual form, setting out the premises leased. The defendant by its answer denies its indebtedness to plaintiff, and for further answer states, that on the 8th day of May, 1861,

the said John How did, by his warranty deed bearing date on said day and duly recorded, convey the property leased in fee to one Robert Cook; that said Cook from and after the making of said deed was and until the 29th day of July, 1870, continued to be, the owner in fee of said premises, at which time by his deed of that date the said Cook conveyed the premises to the defendant.

To this answer the plaintiff filed a replication in which he stated "that on the first day of March, 1865, the said John How by his lease of that date leased the said premises mentioned in exhibit "A" filed with plaintiff's petition, to Messrs. Dryer, Schmill & Company, at a yearly rental of twelve hundred dollars, which the said Dryer, Schmill & Company, promised to pay yearly to the said John How, his executors, administrators and assigns, and the said Dryer, Schmill & Company went into possession of the said premises under the said deed of lease, and afterwards transferred the same to the defendant, who went into possession thereunder, and thereby became liable to pay, and promised to pay the said yearly rental; that the whole of the account for rent upon which this suit is brought, accrued, and the amount charged therein against the defendant, became due for said rental after said transfer of said leasehold premises to said defendant; that the defendant recognized its obligation to pay the said account, and assured the plaintiff that it was bound to pay and would pay the same at the time the plaintiff purchased the same, and that he purchased the same and took the said assignment thereof, being induced so to do by, and relying upon, the said assurance and promise made to him by the defendant through its proper officers. The plaintiff further says, that the defendant promised to pay him said assigned account after his purchase thereof. The plaintiff says he does not know the fact, nor has he knowledge thereof sufficient to form a belief, as to whether the said John How did at the time in defendant's answer alleged, or at any other time, sell the said premises to one Robert Cook, as alleged in said answer; but he denies that if such sale was made, the deed thereof was

recorded prior to the date of the said deed of lease above mentioned, or that it was recorded prior to the date of the assignment of said account as it appears in said exhibit "A" of plaintiff's petition.

A jury was waived by the parties and a trial had before the court. The case was submitted to the court on the following agreed statement of facts:

"That on the first of March, 1865, John How, by his deed of that date, leased the premises referred to in the account sued upon, to Messrs. Dryer, Schmill & Company, for the term of five years from that date, at an annual rental of $1200, and delivered them possession thereof under said lease; that said Dryer, Schmill & Company, prior to the 11th day of May, 1865, in writing assigned the said lease, and delivered possession of the said premises thereunder to the defendant; that on the 9th of August, 1869, the said John How, for value, assigned the said account sued upon to the plaintiff, and that no part of the same has ever been paid; that on the 8th day of May, 1861, the said John How by deed of that date conveyed the premises to one Robert Cook, and said deed was, on the 4th day of May, 1868, and prior to said account being assigned to plaintiff, recorded in the recorder's office in and for St. Louis County; that on the 27th day of July, 1870, the said Cook by deed of that date conveyed the said premises in fee to the defendant, and by his assignment of that date conveyed to said defendant all unpaid rent for use and occupation of said premises."

It should have been previously stated that the account sued on was for rent which had accrued before the 1st day of July, 1869, and which was credited by repairs in the sum of five hundred and eighty dollars. It is contended by the plaintiff that under the facts above stated, and agreed to in the case, he had a right to recover; that the assignors of the defendant having received a lease of the premises from How, and having gone into possession of the leased premises, under the lease, and afterwards while in such possession assigned the lease to the defendant, who took possession of the premises under

said assignment and lease, and the rent sued for having accrued while defendant was holding and occupying the premises under the lease, it cannot, in an action to recover the rent thus accrued, be permitted to dispute the landlord's title to the premises.

The general rule certainly is, that one holding under a lease cannot dispute the landlord's title, and will not be permitted to attorn to a stranger, or to one who claims to hold by a title adverse to, or paramount to that of the landlord; and this applies as well to one who occupies the premises under the lease as assignee of the lease, as to the original lessee. (Taylor's Landl. and Ten., §§ 384, 425, 437, 629 ; Jackson vs. Rowland, 6 Wend., 666 ; Walker vs. Harper, 33 Mo., 592 ; Pentz vs. Kuester, 41 Mo., 447.) The lessee may show that the landlord's title has expired since the execution of the lease, but cannot show a paramount or independent adverse title. (See cases and authorities above cited, and also Taylor's Landl. and Ten., § 89, and cases cited.)

This general rule does not seem to be disputed by the defendant. It will therefore be necessary to see if our statute has changed this common law rule as applicable to the facts of this case. The statute of this State in reference to "Landlords and Tenants," (Wagn. Stat., 880, § 15,) provides that "the attornment of a tenant to a stranger shall be void, and shall not in any wise affect the possession of the landlord, unless it is made; first, with the consent of the landlord; or second, pursuant to, or in consequence of a judgment at law, or a decree in equity, or sale under execution, or deed of trust; or third, a mortgage after the mortgage has been forfeited." It is not difficult to see that the present case does not come within any of the exceptions contained in this statute.

There is one exception however to this general rule, or perhaps it would be more logical to say, that one case does not come within the reason of the rule, which is this : Where an individual is in the possession of land, and while he is so in possession, another induces him by fraudulent pretenses to believe that he is the landlord, and gets the person in posses-

sion by such fraud to acknowledge him as his landlord, the tenant in such case, upon a discovery of the fraud, may deny the title of such fraudulent landlord.· (Gleim vs. Rise, 6 Watts., 44.) But in such cases the judgments of the courts are placed on the expressed ground, that the possession was not obtained from the landlord; but from another. In such case when the fraud is shown, the fraudulent contract becomes wholly void, and the defendant having been in possession before the fraudulent contract, is remitted to his rights under his original possession. It is however insisted by the defendant, that in this case, How was simply the trustee for Cook after the deed of 1861, and we are referred to the case of McKittrick vs. Clemens, (52 Mo., 160,) to sustain this position. By an examination of that case it will be readily perceived that the principle there decided has no application to the facts of this case, whatever. If the defendant being in possession under a lease from How, could say that How was only a trustee for Cook, who claimed by title previous and paramount to the title of How, who was the lessor of defendant, then it cannot be perceived why every tenant could not assume that his landlord was only the trustee of a stranger who claimed by an adverse and paramount title to the landlord, and thus attorn to a stranger, and deny his landlord's title; and thus destroy or subvert the rule of law that a tenant cannot dispute the title of his landlord under whom he received and holds the possession. We can see·nothing in this case to take it out of the general rule of the law.

The judgment will be reversed and the cause remanded to the St. Louis Circuit Court at Special Term for further proceedings. The other judges concur.