JOSEPH C. HIGGINS, Respondent, *vs.* GEO. E. TURNER, Appellant.

1. *Landlord and tenant—Lease fraudulently obtained from one in possession—Purchase of landlord's title.*—Where a lessee goes in under a landlord already in possession he cannot question his landlord's title. But if he be himself in possession, and the lease is unfairly or fraudulently obtained from him, he may defend against the title of the lessor. And the tenant may set up against his landlord the title of the latter, procured by himself either by a direct conveyance or by operation of law, as by a purchase of a tax-title, or that acquired under execution sale, during the term of his lease. The lease is thereby extinguished, and the tenancy ceases.

*Appeal from Pettis County Circuit Court.*

*Snoddy & Bridges,* for Appellant.

A lease unfairly obtained from a party in possession of the land will not prevent him from contesting the title of the lessee. (Tayl. Landl. & Ten., § 705.)

A tenant may acquire and set up a title consistent with that admitted by the demise, as, if he purchased the premises at a tax-sale made during his term. (See Tayl. Landl. & Ten., § 705 ; also, Miller vs. McBride, 14 Serg. & R., 382 ; Brown vs. Dysinger, 1 Rawle, 408; Hockenbury vs. Synder, 2 Watts & S., 240 ; Newman vs. Butler, 8 Watts, 51; Gleim vs. Rise, 6 Watts, 44; Isaac vs. Clark, 2 Gill, [Md.,] 1 ; Miller vs. Bousadon, 9 Ala., 317.) So if he buy in a whole or part of the lessor's title, at a tax or executive sale, or by private purchase, it is a proportionate defense to a suit for rent or possession. (Nellis vs. Lathrop, 22 Wend., 121 ; Eversten vs. Sanger, 2 Wend., 507 ; Biscoe vs. Madden, 17 Ark., 546 ; Elliott vs. Smith, 23 Pa. St., 131 ; Genge vs. Putney, 4 Cash., 358.)

*Crandall & Sinnett,* for Respondent.

Appellant entered into the possession of the lot in controversy as tenant of respondent, Higgins, and peaceably occupied the land under the lease. He is estopped from disputing the title of his landlord, Higgins. (Grant et al. vs. White, 42 Mo., 285.)

In suit by landlord against tenant for rent due and possession of leased premises, the tenant cannot set up an outstanding title, purchased during pendency of lease. (Lass vs. Eisleben, 50 Mo., 122.)

If the tenant wishes to assert title, he must surrender possession of the leased premises and bring his action of ejectment. (Boyd et al. vs. Jones, 49 Mo., 202.)

WAGNER, Judge, delivered the opinion of the court.

The exceptions in this case arise out of the action of the court in rejecting testimony offered by defendant. The proceeding was under the landlord and tenant act, to recover rent and the possession of premises leased by the plaintiff to defendant. At the trial the defendant offered to prove that he was induced to lease the premises by plaintiff's agent falsely and fraudulently representing that plaintiff was the landlord and entitled to the possession, when in fact the plaintiff was not the landlord, nor the possessor of the lot at the time the lease was made. Defendant further offered to show that he had a tax title to the lot consistent with the title claimed by the plaintiff, and that he purchased the tax title during the the term included in the lease. All this evidence was ruled out. No principle of law is better settled than that a tenant cannot dispute his landlord's title; so long as the tenant is not expelled, he has, as a general thing, no right to question the title of his landlord. He cannot deny the right to demise at the time of making the lease. Nor can he defend on the ground that he has acquired an outstanding title adverse to that of the landlord. But does the estoppel extend any further? Mr. Taylor, in his treatise on Landlord and Tenant, after laying down the principle as uniformly recognized by the whole current of the authorities, proceeds to say: "But a lease unfairly or fraudulently obtained from a party already in possession of the land, will not prevent him from contesting the title of the lessor, and a tenant may acquire and set up title consistent with that admitted by the demise; as, if he purchase the premises at a tax sale made during his

term." (Tayl. Land. & Ten., § 705.) The cases all concur in declaring that a lease unfairly or fraudulently obtained from a party in possession of the land will not prevent the lessee from contesting the title of the lessor. But in the present case the rejected evidence in reference to the fraud and unfairness did not propose to show that the defendant was in possession at the time of the alleged misrepresentations, or when the lease was executed. The rule only applies where the tenant is induced, while in possession, to acknowledge a wrong landlord; but if he goes in under a landlord, it makes no difference how defective his title is, he cannot defend against it by setting up an adverse title. So far, therefore, as this point is concerned, the court decided rightly.

But the rule does not preclude the lessee from acquiring the title of his lessor, either by a direct conveyance from the lessor or by an equivalent one through operation of law. Where a lessee purchases the lessor's reversion at a sheriff's sale on an execution against the lessor, or acquires his interest in it as a redeeming creditor, the operation is the same as if the lessor had granted and conveyed the reversion to the lessee, and it will be available as a bar for rent or possession. (Tayl. Land. & Ten., § 629; Nellis vs. Lathrop, 22 Wend., 121.) In Nellis vs. Lathrop, *supra*, Judge Cowen said : "If the landlord part with his title, pending the lease, the duty of the tenant, including that of paying of rent, is due to the assignee, and should the tenant buy in the assignee's right, the lease would be extinguished. So should the landlord sell and release to the lessee. In these cases no action would lie for the rent. Therefore, if there had been a sheriff's sale of the whole reversion in the demised premises, and the defendant had redeemed or purchased under the judgment, no action could have been sustained; for a purchase or acquisition of title under a judgment against the lessor is the same thing as if he had granted by deed. It is, to be sure, acquiring title indirectly, and by operation of law from the lessor; but it comes through his act and consent or his neglect, and is therefore the same in legal effect as if he had granted or devised the reversion."

Public policy and reason both combine to require that a tenant shall never be permitted to controvert his landlord's title, or set up against him a title acquired by himself during the tenancy, which is hostile to or inconsistent in character with that which he acknowledged in accepting the demise. But a tenant may acquire a title under the landlord or a consistent title, and set it up as a defense. Where by a direct grant from the lessor to the lessee, the title is obtained, there can be no question but that the lease is extinguished and the tenancy ceases. The same result follows if the demised premises are sold on execution under a judgment against the lessor. The bidding is open to all the world, and the tenant has the same right to buy that any other person possesses.

If he purchases, he then becomes vested with his landlord's title, not a hostile or adverse title, and is in possession in his own right. The case is the same when applied to a purchaser at a tax sale. The tax collector, like the sheriff in an execution, is the agent of the debtor to sell his property to satisfy a charge or lien existing against it. The title is acquired indirectly and by operation of law, but it is by the act or neglect of the party, and has the same legal effect as if he had made a private conveyance. In such a sale the tenant may purchase equally with any person, and the title that he acquires is the landlord's title, and he may avail himself of it as a defense even against his landlord or lessor. The evidence of title by tax deed was therefore admissible, and because it was ruled out, the judgment will be reversed and the cause remanded.

All the other judges concur.