J. C. CHAFFIN *et al.*, Trustees, Appellants, v. PETER BROCKMEYER, Respondent.

St. Louis Court of Appeals, November 27, 1888.

**Landlord and Tenant:** ATTORNMENT. The restrictions in section 3080 and 3948, Revised Statutes, against attornments by tenants to strangers, and the rule which forbids a tenant to dispute the title of his landlord, apply to the landlord's title existing at the time of the demise ; but *do not* prevent an attornment to the reversioner or remainderman, or hinder the tenant from showing that his landlord's estate has expired by its own limitations since the demise.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Cunningham & Eliot*, for the appellants.

The attornment of the tenants to the representative of the defendant William Clark was fraudulent and void, and in nowise affected the possession of the landlord. R. S., secs. 3080, 3948 ; *Schultz v. Arnot*, 33 Mo. 172 ; *McCartney v. Auer*, 50 Mo. 397; *Bank v. Clavin*, 60 Mo. 562 ; *Rutherford v. Ullman*, 42 Mo. 216 ; *Dyer v. Baumeister*, 87 Mo. 134. But the defendants in the two cases take the position that the attornment is valid, because " a tenant may show that the title of his landlord has expired." Supposing it to be the law that a tenant who has gone into possession under a defeasible title, may, under some circumstances, properly deny the continuation of the title, after its defeasance, the authorities are uniform that this can never be done in a way to operate as a fraud upon the landlord. 1 Washburn, chap. 10, sec. 8, par. 9.

*Joseph S. Laurie*, for the respondent.

It is a familiar rule or canon of the law that "a tenant may not dispute his landlord's title." This phraseology is concise, but too comprehensive to be accurate, consequently the courts have declared that said rule as thus announced has certain limitations or qualifications, which are clearly defined and are now uniformly recognized as parts of the rule itself. Among these are the cases where the lessor's title has expired or been extinguished since the tenancy began. *Moffat v. Strong*, 9 Bosworth, 57. And in cases where there is a question or dispute as to the termination of the lessor's title, the tenant, as defendant in an action for rent or possession, assumes the burden of proof in establishing such defense. 1 Washburn, sec. 8, pars. 6 and 8; Bigelow on Estoppel, 459, 464, 466; Herman on Estoppel, secs. 858, 867–8; Taylor's Landlord and Tenant, sec. 708; 2 Smith's Leading Cases, pt. 2, pp. 796 and 904; *England v. Slade*, 4 T. R. 682 (1792); *Neave v. Moss*, 1 Bing. 360 (1823); *Higginbotham v. Barton*, 11 A. & E. 307; *Langford v. Selmes*, 3 K. & J. 226; *Blake v. Foster*, 8 T. R. 487 (1800); *Strode v. Seaton*, 2 C. M. & R. 728; *Jackson v. Ramsbotham*, 3 M. & S. 515; *Mountjoy v. Collier*, 1 Ellis & B. 629; *Jackson v. Rowland*, 6 Wendell, 666; *Jackson v. Davis*, 5 Cowan, 124; *Hilton v. Bender*, 2 Hun, 1; *O'Donnell v. McIntyre*, 37 Hun, 623; *Weichelbaum v. Curlett*, 20 Kan. 709; *Stout v. Morrill*, 35 Iowa, 47; *Lamson v. Clark*, 113 Mass. 348; *Hilborn v. Fogg*, 99 Mass. 11; *Ryder v. Mansel*, 66 Maine, 167; *Farris v. Houston*, 74 Ala. 162; *St. John v. Quitzow*, 72 Ill. 334; *Howell v. Ashmon*, 22 N. J. L. 261; *Bettison v. Budd*, 17 Ark. 546; *Wolf v. Johnson*, 30 Miss. 513; *McGuffie v. Carter*, 42 Mich. 497; *Pentz v. Kuester*, 41 Mo. 447; *Higgins v. Turner*, 61 Mo. 249; *Meier v. Thiemann*, 15 Mo. 307; *Fenner v. Duplock*, 2 Bing. 10; *Gregory v. Doidge*, 3 Bing. 474.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action upon a landlord's summons. Upon the trial of the cause by the court without a jury, judgment went in defendant's favor. No instructions were asked or given, and no specific errors are assigned on this appeal. We gather from a printed argument submitted by the plaintiffs that they complain that the court admitted illegal evidence, and decided the case against them upon an erroneous view of the law.

Upon the trial the plaintiffs gave evidence tending to show that they were trustees under the will of Edward Chaffin, and as such had been in possession of certain realty in the city of St. Louis, claiming under a deed from Martha Curtis to Edwin Chaffin, the fee-simple title therein; that they had collected rents from tenants occupying the property, including the defendant, up to December, 1886; that the defendant was a tenant from month to month holding under them prior to December, 1886, and had refused to pay the rent for December, 1886, and January, 1887, whereupon, after the proper statutory demand, this action was instituted against him for the recovery of the rent and restitution of the premises.

The defendant gave evidence tending to show that Martha Curtis, the grantor of Edwin Chaffin, had only a life estate in the premises with remainder to her heirs; that that estate expired in September, 1884; that the heirs of Martha Curtis, entitled to the remainder, conveyed their interest in the realty to one Clark, who notified the defendant of that fact, and that the defendant thereupon attorned to Clark; that Clark alone was entitled to the rent.

To the evidence thus offered the plaintiffs objected on the ground that the attornment to Clark under the statutes of this state was fraudulent and of no effect, and that evidence as to the true state of the title was incompetent and irrelevant. The plaintiffs contend that, on

the face of the statute touching attornments, there would seem to be no room for doubt as to this proposition.

The statute provides : "Section 3080. The attornment of a tenant to a stranger shall be void, and shall not in anywise affect the possession of his landlord unless it is made, first, with the consent of the landlord ; or, second, pursuant to or in consequence of a judgment at law, or a decree in equity, or sale under execution, or deed of trust ; or, third, to a mortgagee after the mortgage has been forfeited." "Section 3948. The attornment of a tenant to any stranger shall be void unless it be with the consent of the landlord of such tenant, or pursuant to or in consequence of the judgment of a court of law, or the order or decree of a court of equity." The origin of this statute is to be found in the act "for the more effectual securing the payment of rents and preventing frauds by tenants," enacted in England in 1738. 11 Geo. 2, ch. 19. Section 11 of said act, after reciting the fraudulent practices by tenants in attorning to strangers who claim title, provides that all and every *such* attornment shall be void, and adds the following proviso : "Nothing herein contained shall extend to vacate or affect any attornment made pursuant to or in consequence of some judgment at law, or decree or order of a court of equity, or made with the privity and consent of the landlord or landlords, lessor or lessors, or to any mortgagee after the mortgage is become forfeited." The same provision was almost literally enacted in New York, with the recital as to fraudulent attornment to strangers, in 1813 (1 Laws of New York, p. 443, clause 28 ) ; and first appears in the revision of the laws of Missouri in 1825 in the following form : "That all and every attornment or attornments of any tenant or tenants of any messuages, lands, tenements, or hereditaments, shall be absolutely null and void to all intents and purposes whatsoever ; and the possession of their

respective landlord or landlords, lessor or lessors, shall not be deemed or construed to be in any wise changed or altered, or affected by any such attornment or attornments. Provided always,'' and then using the exact words of the English statute as to exceptions. In the Revision of 1835, the phraseology was changed to the following: '' The attornment of a tenant to a stranger shall be void, and shall not in any wise affect the possession of his landlord unless it is made, first, with the consent of the landlord, or, second, pursuant to or in consequence of a judgment at law or a decree in equity, or third, to a mortgagee after the mortgage has been forfeited.'' The law then remained the same until 1865, when the words, *or sale under execution or deed of trust,* were inserted after the word '' equity'' in the second exception, making the section read as it does at present.

It will be seen that the object of the law as enacted in England was to prevent a fraudulent attornment to strangers, and as reënacted here had solely reference to an attornment to strangers which, with certain exceptions, were considered fraudulent. None of the cases decided since the enactment of the law make an attornment to the reversioner or remainderman fraudulent and void, although they are not within the saving clauses of the statute.

It is an immaterial inquiry whether the rule that a tenant cannot dispute his landlord's title originated in the statute of 11 Geo. 2, or whether, as was said in *Doe d. Knight v. Smythe,* 4 M. & S. 348, it is of a more recent origin. Suffice it to say that no case can be found which recognizes the existence of the rule prior to the enactment of the statute, and that the cases are very numerous which hold that the rule has reference only to the landlord's title at the date of the demise. It was always competent therefore, even under that rule, for the tenant to show that his landlord's title had expired. *England v. Slade,* 4 T. R. 682; *Neave v. Moss,* 1 Bing.

360 ; *Doe d. Higginbotham v. Barton*, 11 Ad. & E. 307 ; *Langford v. Selmes*, 3 Kay & J. 226 ; *Doe d. Strode v. Seaton*, 2 C. M. & R. 728 ; *Mountnoy v. Collier*, 1 Ell. & B. 629 ; *Jackson v. Rowland*, 6 Wend. 666 ; *Jackson v. Davis*, 5 Cowan, 124 ; *O'Donnell v. McIntyre*, 37 Hun, 623 ; *Weichselbaum v. Curlett*, 20 Kan. 709 ; *Stout v. Merrill*, 35 Iowa, 47 ; *Lamson v. Clarkson*, 113 Mass. 348 ; *Ryder v. Mansell*, 66 Maine, 167 ; *Farris v. Houston*, 74 Ala. 162 ; *St. John v. Quitzow*, 72 Ill. 334 ; *Bettison v. Budd*, 17 Ark. 546 ; *Wolf v. Johnson*, 30 Miss. 513 ; *McGuffie v. Carter*, 42 Mich. 497 ; *Den d. Howell v. Ashmore*, 22 N. J. L. 261.

As above stated the statute of 11 Geo. 2, was almost literally reënacted in New York long prior to the date of the New York decisions above set out. The statutes of Iowa and Kansas on the subject of fraudulent attornments correspond with our own ; yet all the decisions in England, in the states which have reënacted the statute, as well as those which have not reënacted it, uniformly hold that the rule which prevents a tenant from disputing his landlord's title does not prevent the tenant from showing the expiration of his landlord's title subsequent to the demise. It is immaterial what the nature of the action is in which the defense is asserted, since it necessarily affects equally the right to possession and the claim of rent.

The precise question has never been decided in this state. The case of *McCartney v. Auer*, 50 Mo. 395, and *Merchants' Bank v. Claving*, 60 Mo. 559, 562, were cases where the tenant claimed possession under an adverse title and the language used by the court must be restricted to the case before it. The cases of *Pentz v. Kuester*, 41 Mo. 447 ; *Stagg v. Eureka Farming Co.*, 56 Mo. 317 ; *Higgins v. Turner*, 61 Mo. 249 ; *Pulliam v. Burlingame*, 81 Mo. 116 ; and *Meier v. Thieman*, 15 Mo. App. 307, all either expressly or impliedly recognize the rule, that

notwithstanding the statute of attornment, the tenant still may show that the estate of his landlord has expired prior to the institution of the suit.

The case under consideration is different from most of the cases above referred to, only in this particular, that the deed from Martha Curtis to Edwin Chaffin upon its face purports to be a deed in fee. It is not contended that Martha Curtis was the owner in fee or could legally convey an estate in fee, nor is it contended that either Martha Curtis or Edwin Chaffin ever held or claimed any greater estate in the premises by virtue of any other title than the one given in evidence by the defendant limiting this interest to a life estate. It is not pretended that the defendant landlord did not, by valid conveyances, acquire the interest of those entitled to the estate in remainder, prior to the institution of the suit, and the evidence as the case stands is uncontradicted, that the estate of the defendant's original landlord has expired, and that the remainder of the estate has vested in the defendant's present landlord. As the source of title of both parties is the same, the superior title of the defendant's landlord, derived from the same source, stands conceded.

Notwithstanding all this the plaintiffs contend that the real title is not the question for consideration, but only the apparent title, and that as soon as they gave evidence that the apparent title which passed by the deed of Martha Curtis to Edwin Chaffin was one in fee, the defendant was precluded from showing that Martha Curtis had no estate in fee to convey.

This argument is fallacious. It was not incumbent on plaintiffs to give evidence of any title. They could maintain this action by simply showing that the defendant had obtained possession through them. The defendant could then have shown that their right of possession had expired. Why should the defendant be precluded from showing that the plaintiffs' estate, on which their

right of possession is dependent, had expired, simply because they see fit to give evidence of a paper title.

If under the evidence in this case the contest were one as to the merits of the conflicting titles, if there were any evidence whatever, however slight, that either the plaintiffs or Martha Curtis claimed under another and different title than the one derived from her grantor, or that the defendant's landlord was not their successor in the estate, if any question of fraud in the attornment had been properly presented by instructions under the evidence ; if, in fine, the case presented any other feature, except the naked question of successorship in the estate and right of possession depending thereon, the result might have been different.    As it is, there was no error in the ruling of the court and the judgment is clearly for the right party and must be affirmed.    So ordered.    All concur.