JAMES LOGAN, Appellant, v. HENRY J. WOOLWINE, Respondent.

St. Louis Court of Appeals, February 13, 1894.

1. **Landlord and Tenant:** RIGHT OF FORMER TO SUE FOR PREMISES AFTER CONVEYANCE THEREOF. *Quære*, whether the landlord's right to sue his tenant for the premises let at the end of the term will be impaired by the conveyance of the premises by the landlord to a stranger without an attornment by the tenant.

2. ———: ———. *Held*, that such right of action will not be terminated by such conveyance without any attornment, if it be stipulated at the time between the landlord and his grantee that the former should deliver possession of the premises to the latter at the end of the term, and should then dispossess the tenant, if necessary.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*W. W. Fry* for appellant.

The provisions of sections 5120 and 5121 of the Revised Statutes of 1889 are not for the tenant but for the grantee or assignee. The defendant's relation to the plaintiff is the same as before the execution of the deed to Azdell. Azdell had the right to exhibit his deed to the defendant and demand of him to attorn but he did not (because his deed was delivered with the condition that plaintiff would obtain this possession), and until he did defendant could not question plaintiff's right of action. *Gray v. Rogers*, 30 Mo. 261; *Smith v. Aude*, 46 Mo. App. 634. The tenant cannot dispute the landlord's title. It is true he can show in defense that a stranger has acquired the title, provided he has lawfully attorned to the stranger. But until he attorns, he can know no other than his landlord. *Pentz v. Kuester*, 41 Mo. 447; *Helms v. Stewart*, 28 Mo. 529; *May v. Luckett*, 48 Mo. 472; *Kingman v. Abington*, 56 Mo. 46; *Silvey v. Sumner*, 61 Mo. 255. Defendant did not attorn to Azdell, and he can not plead an outstanding title he has failed to recognize.

*Edmonston & Cullen* for respondent.

It is always competent for a tenant to show that his landlord's title has expired. *Chaffin v. Brockmeyer,*

33 Mo. App. 92; *Stagg v. Eureka Tanning Co.*, 56 Mo. 320; *Higgins v. Turner*, 61 Mo. 239; *Pulliam v. Burlingame*, 81 Mo. 116.   There is not a *scintilla* of evidence in the record, showing that defendant did not attorn to Azdell or refused to recognize Azdell's right to possession.   By the terms of the statute only those entitled to possession can maintain the action.   Plaintiff conveyed all his interest to Azdell on January 28, and the right of possession incident to legal ownership and the remedies to recover it passed from him before the institution of this suit.   Unquestionably plaintiff's grantee had the right to maintain an action for unlawful detainer against defendant, and it is illogical in the extreme to hold that plaintiff still retains in himself what he has solemnly granted to another.   Respondent's position is, that only the grantee of plaintiff can maintain this suit.   He is the "real party in interest," the "person having the legal right to possession." *Sexton v. Hull*, 45 Mo. App. 339; *Kean v. Kalbschneider*, 21 Mo. App. 539; *Kelley Clancy*, 15 Mo. App. 519; *Lang v. Noe*, 49 Mo. 19; *Knullen v. Tillman*, 69 Mo. 510; *Waples v. Jones*, 62 Mo. 440; *L'Hussier v. Zallee*, 24 Mo. 13; Revised Statutes, 1889, section 5120.

BIGGS, J.—This action of unlawful detainer was instituted before a justice of the peace on March 7, 1892.   It was subsequently removed to the circuit court on writ of *certiorari*, where, on a trial before the court, a jury having been waived, the issues were found in favor of the defendant.

On this appeal the plaintiff claims that, under the law and the undisputed facts, the judgment is wrong; that the court admitted irrelevant testimony against the plaintiff's objections, and that the court erred in giving and refusing instructions.

Logan v. Woolwine.

The facts in the case are very brief. The plaintiff read in evidence a rent contract dated on January 1, 1891, and signed by the plaintiff and defendant, in which the plaintiff rented the farm in controversy to the defendant from March 1, 1891, to March 1, 1892, for an annual rental of $230. Plaintiff also introduced evidence tending to prove that the defendant entered under the lease, and at the expiration he refused to surrender the possession of the farm to the plaintiff.

The defendant read in evidence a warranty deed from the plaintiff to James M. Azdell, conveying the leased premises. This deed was executed and acknowledged on January 28, 1892, and was filed for record two days thereafter. The plaintiff objected and excepted to the reception of the deed in evidence. This was all the evidence introduced by the defendant.

In rebuttal, the plaintiff read in evidence the following contract:

"MEXICO, Mo., January 30, 1892.

"Having sold my farm of one hundred and forty acres of land, being one hundred and forty acres off of the north end of the west half of sect. 24, twp. 52, R. 8, Audrain county, Missouri, to J. M. Azdell, do hereby agree to give said J. M. Azdell possession of said described land or premises on March 1, 1892.

"(Signed)          JAMES LOGAN.  [SEAL.]"

Plaintiff testified that, when he sold the land, he agreed to dispossess the defendant and to put Azdell in possession of the farm, and that for this reason he gave the agreement read in evidence.

As there were no instructions, or at least none are copied into the record, the sufficiency of the evidence to authorize the judgment is the only question for our determination.

The general rule is, that the tenant can not dispute the title of his landlord, but this only applies to the

landlord's title at the time of the demise. *Chaffin v. Brockmeyer*, 33 Mo. App. 92. Hence it has been decided that, if the landlord has voluntarily parted with his title, and the tenant has attorned to the purchaser, the latter may interpose the sale and attornment as a defense to an action by the landlord for the recovery of the possession, or the rents which have subsequently accrued. *Kingman v. Abington*, 56 Mo. 46; *Pentz v. Kuester*, 41 Mo. 447. Or if, subsequently to the letting, the tenant purchases his landlord's title, the tenancy is thereby extinguished or destroyed, and the tenant may plead his purchase in bar of an action for the recovery of the demised premises. *Higgins v. Turner*, 61 Mo. 249; *Silvey v. Summer*, 61 Mo. 253.

But the contention made by counsel for appellant is, that when there has been a voluntary sale, the tenant, in order to defend against the action of his landlord, must show that he has attorned to the purchaser. In support of this position it may be said that, where this defense has been allowed to tenants in this state, the cases show that attornments have been made, also that in the case of *Gray v. Rodgers*, 30 Mo. 558, which is somewhat analogous, the supreme court decided that, where the landlord sells the leased premises, the tenant is not discharged from the payment of rents to the former until the vendee notifies the tenant that he claims the rent.

On the other hand, the supreme court in the case of *Stagg v. Eureka Co.*, 56 Mo. 317, stated the rule (without qualification), that "the lessee may show that the landlord's title has expired since the execution of the lease, but can not show a paramount or independent adverse title." The same principle was announced by this court in the case of *Chaffin v. Brockmeyer, supra*. But, conceding the latter view to be the law, it does not necessarily follow that the deed from the plaintiff to

Azdell, although absolute in form, divested the plaintiff of all right to the possession of the farm. *Prima facie* it had that effect. But it was competent for the parties to stipulate, as they did in a separate agreement, that the possession should remain with the plaintiff until the expiration of the defendant's term. · As it was also agreed that the plaintiff should oust the defendant if he should, at the end of the term, refuse or fail to vacate the premises, the plaintiff had a reasonable time thereafter within which to institute this suit. This agreement was a matter of importance to the plaintiff, for without it he would have been answerable to Azdell for a breach of the covenants in his deed against incumbrances, it being the settled law that an outstanding lease amounts to a breach of such a covenant, unless it be controlled by the terms of the deed itself or by some independent written contract between the parties. *Grice v. Scarborough*, 2 Spears (S. C.) 649; *Batchelder v. Sturgis*, 3 Cush. 201; *Porter v. Bradley*, 7 R. I. 538; *Van Wagner v. Van Nostrand*, 19 Iowa, 422. The case of *Porter v. Bradley, supra*, was an action for the breach of the covenant against incumbrances. At the time of the conveyance there was an outstanding lease of the land conveyed. Speaking of the effect of the covenant, it was said: "The defendant's deed contained all the covenants known to the usual forms of deeds of full and general warranty. No collateral instrument, under seal or otherwise, was executed contemporaneously, or at any other time, restricting the operation of these covenants." This case answers the argument of the respondent, that it was not permissible for the plaintiff and Azdell to restrict the operation or effect of the deed, unless the supplemental contract was contemporaneous with the execution and delivery of the deed.

As the contract between the plaintiff and Azdell was

in no way questioned, the judgment of the court under the undisputed facts was wrong. It will, therefore, be reversed and the cause remanded. All the judges concur.