**SOUTH SIDE NATIONAL BANK IN ST. LOUIS, Respondent,**

v.

**Edward C. SCHNEIDER, Appellant.**

**No. 41554.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 10, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 18, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Harvey B. Cox, Jr., Cox & Cox, St. Louis, for appellant.

Larry Glenn, St. Louis, for respondent.

REINHARD, Judge.

In the magistrate court, plaintiff instituted this unlawful detainer action. The case was ultimately certified to the circuit court. Plaintiff moved for summary judgment with an attached affidavit. Defendant filed a counter affidavit and a motion for summary judgment.[1] The court sustained plaintiff's motion for summary judgment and overruled defendant's motion. Defendant appeals.

The standards which govern our review of summary judgments are stated in *Cooper v. Yellow Freight System, Inc.*, 589 S.W.2d 643 (Mo.App.1979).

> We must examine the record in the light most favorable to the party against whom the judgment was rendered and give to that party the benefit of every doubt. . . . A summary judgment is appropriate only where the pleadings, depositions, admissions on file, together with any affidavits reveal that there is no genuine issue of material fact. . . . A genuine issue of fact preventing summary judgment exists whenever there is the slightest doubt as to the facts. . . It is incumbent upon the party moving for summary judgment . . . to demonstrate by unassailable proof that there is no genuine issue of fact. . . [citations omitted].

*Id.* at 645.

On appeal, defendant's principal point is: "The court erred in finding it had jurisdiction . . . in this Unlawful Detainer action and in not sustaining defendant's Motion to Dismiss or entering a judgment for defendant and against plaintiff . . . where the notice or demand to terminate the tenancy was served by Certified Mail." Plaintiff relies upon §§ 534.030 and 534.050 RSMo.1969. Section 534.030 RSMo.1969 provides:

> When any person shall willfully and without force hold over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to him, or the person under whom he claims; or when premises are occupied incident to the terms of employment and the employee holds over after the termination of such employment; or when any person wrongfully and without

---

1. The motion was called in the alternative a "Motion To Dismiss."

force, by disseisin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made, in writing, for the delivery of the possession thereof by the person having the legal right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer.

Section 534.050 RSMo.1969 provides:

The demand required by section 534.030 shall be made either by delivering a copy of such demand to the person in possession, or by leaving such copy with some person above the age of fifteen years, residing on or being in charge of the premises; or, if no such person be in the actual occupancy thereof, then by posting such copy on the premises. When the demand shall be made by an officer authorized to serve judicial process, his return shall be prima facie evidence of the facts therein stated; and if such demand be made by any other person, the return shall be sworn to by such person, and shall then be prima facie evidence of the facts therein stated.

The pleadings, motions, affidavits, other documents properly before the court in the summary judgment motion, and the admissions made by defendant's counsel in argument before this court, establish that defendant was occupying the premises in question as a result of a tenancy of month to month. By letter dated September 21, 1978, plaintiff notified defendant: "Notice is hereby given that South Side National Bank has decided to cancel your month to month rental agreement for the space you occupy on the eighth floor as of November 1, 1978. Please make necessary arrangements for the locating [sic] of these quarters by that date."

Notice was sent by certified mail, return receipt requested. An authorized agent of defendant, his secretary, received said notice and signed the receipt on September 22, 1978. Defendant acknowledges receipt of the notice and that it was timely.

On appeal, defendant argues that § 534.-030 requires a demand be made and that such demand is specifically delineated in § 534.050. It is defendant's position that the notice sent by certified mail failed to comply with the § 534.050 requirements of "demand." Citing cases which hold that in the absence of complying with § 534.050 a court is without jurisdiction to proceed in an unlawful detainer action, defendant argues that the trial court erred in finding it had jurisdiction.

Defendant's reliance on § 534.050 and the cases construing such section is misplaced. The demand delineated in § 534.050 is required only in those cases which fall within the third clause of § 534.030.

Section 534.030 sets forth three factual situations or "classes" which constitute "unlawful detainer." Judge Flanigan in *Watkins v. Wattle*, 558 S.W.2d 705 (Mo.App. 1977), clearly explained the distinction between the three classes:

The first class is the 'hold-over tenant' class, the second (added in 1939) is the 'hold-over employee' class, and the third is the 'intruder class' (wrongful possession, without force, by disseisin). The distinction between the hold-over tenant and the intruder class is discussed in *Ray v. Blackman*, 120 Mo.App. 497, 97 S.W. 212 (1906); *Barber v. Todd*, 128 S.W.2d 290 (Mo.App.1939); and *Best v. Griffin*, 234 S.W.2d 978 (Mo.App.1950). The relationship of landlord and tenant is unnecessary in actions under the 'intruder class,' but a written demand for possession prior to the institution of the action is necessary in such actions. *In actions involving the hold-over tenant class, no demand for possession is necessary but a landlord-tenant relationship must have existed.*

*Id.* at 712 (emphasis added).

Defendant here contends he falls under the third class. We do not agree. His admissions show that he was a tenant. Plaintiff chose to terminate the month-to-month tenancy on November 1, 1978. On that date, defendant became a hold-over tenant. Defendant's admissions show that he received proper and timely notice of the termination. No demand is required

wherein tenant holds over the premises after the termination of the time for which they were demised to him. *Young v. Smith*, 28 Mo. 65, 68 (1859). The case relied upon by defendant, *Hyde v. Goldsby*, 25 Mo.App. 29 (1887), is not contrary to the holding in *Young*. In fact, if follows *Young*. In *Hyde*, defendant wrongfully and without force obtained and continued in possession of the premises. This is not the situation here. Under the law, defendant was not entitled to the demand required in § 534.050. Defendant's contention that the court was without jurisdiction in this case is without merit.

Defendant's admission to us in court that notice was timely curtailed any necessity of reaching the second point which questioned the notice's timeliness. In his final point, defendant attempts to change the action from one of unlawful detainer to one of contract and detrimental reliance. He attempts to seek equitable relief from this case tried at law. In light of the pleadings and admission of the defendant, this point is without merit.

Judgment of the trial court is affirmed.

DOWD, P. J., and CRIST, J., concur.