ROBERT A. MAY, Appellant, *v.* ROBERT F. LUCKETT, Respondent.

1. *Landlord and tenant — Landlord in possession after abandonment by ten-*
*ant — Claimant must resort to his action, and cannot intrude without it.—*
When a tenant leaves, either at the end of the term or by a surrender of the
lease, the landlord comes into sole possession and is possessed of the premises,
although not personally present. And it is not the constructive possession
alone arising from title, but a real possession arising from his relation of land-
lord, had when he put the tenant in, held through the tenant, and continued
and become exclusive at the termination of the tenancy, and until he has time
by his acts to indicate his intentions in regard to the possession. *Semble,*
that no one whose claim is *in invitum* — as a purchaser of the premises at an
execution sale — has the right to enter without first resorting to his action,
giving the occupant the advantage of possession and the right to contest the
claim; but that the rule is different in case of a voluntary grant by the land-
lord. (*Vide* Pentz v. Kuester, 41 Mo. 447.)

*Appeal from St. Charles Circuit Court.*

*H. C. Lackland,* for appellant.

Defendant was not plaintiff's tenant, nor did he attorn to his
grantee. Hence the case of Pentz v. Kuester has no applica-
tion. Such attornment is essential; otherwise the possession
remains unchanged in the landlord.

In the case at bar the possession was in plaintiff when defend-
ant entered, and the entry was trespass. (Forcible Entry and
Detainer Act, §§ 1, 16, 36.)

*J. A. Kellar,* for respondent.

I. Defendant's entry was made with the knowledge and con-
sent of plaintiff's tenant.

II. Plaintiff's tenant had a legal right to attorn to plaintiff's
grantee.

III. As between landlord and tenant, possession cannot be
in both at the same time. (Burns v. Patrick, 27 Mo. 434;
McCartney's Adm'r v. Alderson, 45 Mo. 35.)

IV. It is not sufficient that the entry is unlawful. It must
be unlawful against the party who complains. Plaintiff in this
case must himself have been disseized.

V. The deed of the sheriff being regular in form is valid for all purposes and amounts in law to the act of the appellant himself. That deed divested him of all right of property in the land, and he not being in actual possession of the land, could certainly not be said to be in the constructive possession of the land. The premises were vacant, and the defendant could enter lawfully if he could do so peaceably. (Wagn. Stat. 61, art. I, §§ 1, 32; Packwood v. Thorp, 8 Mo. 636.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff rented certain premises to one Mrs. Pulliam, and while she was in possession they were sold upon execution against him and bid in by defendant's grantor. An effort was made to induce Mrs. Pulliam to attorn to defendant, but refusing to do so she abandoned the premises, leaving the key in the door, and within twenty-four hours the defendant entered. The plaintiff was a non-resident, and when advised of the transaction brought his action for unlawful detainer. The case was appealed, and in the Circuit Court the defendant was permitted to prove the execution, sale and deeds; and the court holding that the plaintiff was dispossessed before defendant's entry, and the latter lawfully in, gave him but judgment, from which the former appeals.

There is no dispute as to the evidence, only as to its legal effect. The tenant abandoned the premises and surrendered possession to the landlord. She could, by simply leaving so as to terminate her tenancy, surrender to no one else, nor did she attempt to give the defendant possession. Although the dispossession of the tenant during his term is not the dispossession of the landlord so as to enable him to bring suit, inasmuch as he has no right of entry until the term ends, and the tenant alone is injured by its invasion; yet when the tenant leaves, either at the end of the term or by surrender of the lease, the landlord comes into sole possession, and he must be considered as possessed of the premises, though not personally present. And it is not the constructive possession alone arising from title, for that is not sufficient to maintain this action, but a real possession arising from his relation of landlord, had when he put the tenant in, held

through the tenant, and continued and become exclusive at the termination of the tenancy, and until he has time by his acts to indicate his intentions in regard to the possession. "Can it be pretended that an owner of land loses his actual possession because, after the expiration of a tenant's term, and perhaps before the owner can find another, some intruder enters and takes possession? Whether the intruder be a mere trespasser or have good title makes no difference." (Warren v. Ritter, 11 Mo. 354.) If the landlord when not present were held to be out of possession when the tenant has left, so that a stranger or adverse claimant could enter and hold until ejected by proof of title, the greatest frauds might be practiced and this beneficent statute be deprived of its chief efficacy.

If the defendant entered upon the plaintiff's possession without consent, he has no defense in this action. His right cannot be considered, and his deeds were improperly admitted in evidence. A purchaser upon execution sale must, like any other claimant, resort to his action, giving the occupant the advantage of possession and the right to contest the claim. (Spalding v. Mayhall, 27 Mo. 377.)

The doctrine of Pentz v. Kuester, 41 Mo. 447, does not reach this case. It is there held that a tenant may attorn to a purchaser from the landlord, so as to defend against him under the statute; and it does not matter whether the sale be by his deed, or otherwise by his act — as in that case, under his petition for partition, the court held a sale under such petition not to be *in invitum* like a sale upon execution, but the act of the party, and based the decision upon sections 36 and 40 of the Forcible Entry and Detainer act. The right thus to attorn is given rather by the spirit than by the letter of those sections, for their object was first to enable heirs, grantees, etc., to avail themselves of the dispossession of their ancestor, grantor, etc., and to bring the action as though they had themselves been dispossessed (McCartney v. Alderson, 45 Mo. 35), and also to enable the heirs, grantees, etc., of the landlord to avail themselves of an unlawful detainer by a tenant holding over. If the landlord's grantee is enabled to dispossess the tenant, they are placed in direct relation to each

other, and it is but reasonable that the tenant should be enabled to attorn to him, as is held in Pentz v. Kuester.

The statute of 1865 was held not to embrace sales *in invitum* and create a new rule in relation to the rights of purchasers under executions. If the landlord makes a voluntary grant he agrees to give possession, and the attornment but carries out his will, but if the grant be involuntary it is against his will; and there is no reason why a different rule in relation to possession by purchasers at execution sales should prevail, when the execution defendant has leased the premises and where he himself occupies them.

In the case at bar there was not only no voluntary grant indicating a surrender of possession, but there was no attempt at attornment by the tenant. It was a naked intrusion or contrivance to get possession and throw the plaintiff upon his proof of title. One of the objects of the act is to prevent such practices, and enable parties to hold possession until their rights are determined.

The other judges concurring, the judgment will be reversed and the cause remanded.