THE STATE OF MISSOURI, Plaintiff in Error, *v.* JAMES CARTEE *et al.*, Defendants in Error.

1. *Criminal law — Misdemeanors — Disturbing public worship, indictable.—* The offense of disturbing a religious congregation (Wagn. Stat. 504, § 30) being punishable by fine and imprisonment (*vide* same section), is an indictable one. The case is distinguishable from that of selling liquor on Sunday, which is punishable by fine only, and under Wagn. Stat. 516, § 29, amenable only to a civil action. (State v. Huffschmidt, 47 Mo. 73.)

2. *Disturbing public worship — Circuit Court has jurisdiction.—*Of the offense of disturbing a religious congregation (Wagn. Stat. 504, § 30) the Circuit Court has jurisdiction. (Wagn. Stat. 516, § 32; State v. Warnke, *ante*, p. 451.)

*Error to St. Francois Circuit Court.*

*B. B. Cahoon*, Circuit Attorney, with *A. J. Baker*, Attorney-General, for plaintiffs in error.

*Clardy & Robinson*, for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

In November, 1870, the defendants were indicted in St. Francois county for the offense of disturbing a religious congregation.

31—VOL. XLVIII.

(Wagn. Stat. 504, § 30.) A demurrer to the indictment was sustained, and the case is brought here by appeal. The objections to the indictment are that the court in which the indictment was found, as the defendants insist, had no jurisdiction of the offense, and that the offense charged, as the defendants urge, was not indictable.

No brief in behalf of the defendants is filed, but the objections above mentioned are presumed to be founded upon the decision of this court in The State v. Huffschmidt, 47 Mo. 73, where it was held that an indictment would not lie for the offense of selling liquor on Sunday in violation of the statute (Wagn. Stat. 504, § 35). The case at bar, however, is broadly distinguishable from that. Here the indictment is founded upon a different section of the statute (Wagn. Stat. 504, § 30) and is for a different offense, and upon an offense subject to a different measure of punishment. In the case now before us the offense charged is punishable by either fine or imprisonment, and is therefore not punishable by fine "only," as in the Huffschmidt case. The present indictment charges an offense which is punishable by "fine not exceeding one hundred dollars, and * * * by confinement in the county jail not exceeding three months" where the offender is unable to pay the fine imposed.

In the Huffschmidt case the indictment charged an offense punishable by a fine not exceeding $50, and no imprisonment was allowable. The court there held, in accordance with the statute (Wagn. Stat. 516, § 29), that the offense being "punishable by fine only," the remedy was by civil action, as provided in the section last referred to.

The court had jurisdiction of the subject-matter of the indictment. (Wagn. Stat. 516, § 32; and see State v. Warnke, *ante*, p. 451.)

Judgment reversed and cause remanded. The other judges concur.