ROBERT A. MAY, Respondent, *vs.* ROBERT F. LUCKETT, Appellant.

1. *Forcible entry and detainer—Disseizin—Title.*—In an action of forcible entry and detainer the defendant cannot raise the question of title when he is in by disseizin.

2. *Forcible entry and detainer—Landlord and tenant—Sheriff's sale fo tenant's interest—Disseizin—Statute, construction of* —A. leased premises to B., who sub-let them to C. At an execution sale against B., A. purchased B.'s interest in the premises, and took a sheriff's deed therefor. A. requested C. to attorn to him or surrender possession to him ; C. refused to do so, but locked up the premises, and left them before the expiration of the lease. A. took possession the next day. *Held,* that A. obtained possession of the premises wrongfully, and without force, by disseizin, and, after a written demand for the premises from B., was guilty of unlawful detainer under the statute.(Wagn. Stat., 642, § 3).

3. *Landlord and tenant—Sales—Attornment—Statute, construction of.*—When premises have been sold by the owner or by proceedings *in invitum,* the tenant thereof can attorn to the purchaser under the statute. (Wagn. Stat., 880, § 15).

*Appeal from St. Charles Circuit Court.*

*E. A. Lewis,* for Appellant.

I. The deeds, not admitted by the court, were offered to fortify the evidence of the tenant's surrender of the possession to defendant. It was in evidence that those deeds, etc., were exhibited to the tenant to induce her to surrender.

*J. A. Kellar,* for Appellant.

I. After the lease the lessor parted with this title by sale *in invitum,* and therefore the tenant became the tenant of the grantee. (Egland vs. Slade, 4 Durn & E., 681 ; Jackson vs. Davis, 5 Cowen, 123 ; Jackson vs. Rowland, 6 Wend., 666 ; Gregory's heirs vs. Crabb's heirs, 2 B. Monroe, 234 ; Nellis vs. Lathrop 22 Wend., 121; Tilghman vs. Little, 13 Ill., 239.)

II. It was competent for appellant to show this transfer of title, and thus show that he and not the respondent was entitled to the possession at the time stated. (Gunn vs. Sinclair, 52 Mo., 327; Pentz vs. Kuester, 41 Mo., 447 ; Tilghman vs. Little, 13 Ill. 239.) Otherwise §§ 36, 37, (Wagn. Stat., 648,) are inoperative, and the right of the heirs of a deceased lessor to recover possession could never be enforced.

*Lackland & Broadhead,* for Respondent.

I. The property was in the possession of the plaintiff after the tenant vacated and abandoned it. (May vs. Luckett, 48 Mo., 472.) If in plaintiff's possession, then the entry of defendant was unlawful, no matter what his title may be. (Wagn. Stat., 646, § 26.)

ADAMS, Judge, delivered the opinion of the court:

This was an action of unlawful detainer, which was commenced before a justice of the peace, and removed to the Circuit Court by *certiorari*, where it resulted in a judgment in favor of the plaintiff.

This case was before this court at the October Term, 1871, and is reported in 48 Mo. 472. There is no material difference between the facts of the case as there reported and as now presented by this record.

The leading facts are, that the plaintiff was in the actual possession of the premises by and through his tenant, and that while so in possession the defendant, or his landlord, bought the premises at execution sale against the plaintiff, and took a sheriff's deed for the same. After thus buying them they applied to the plaintiff's tenant to attorn to him or to surrender the possession to him. The tenant refused to do so; but removed from the premises before the expiration of the lease, locking the door and leaving the key in it. The next day the defendant, without the consent of the plaintiff, who was then absent residing in Indiana, entered into the possession of the premises, and still holds the same after demand in writing by the plaintiff for such possession.

It is manifest from these facts, that the defendant wrongfully, and without force, by disseizin obtained possession of the premises in dispute; and, when he refused to deliver up such possession on the written demand of the plaintiff, he was guilty of unlawful detainer within the meaning of the 3rd. section of the act concerning Forcible Entry and Detainer. (Wagn. Stat., 642, § 3.) After thus being guilty of an unlawful detainer, he has no right to protect his possession by a sheriff's deed, nor by any other deed for the premises, whether made by the plaintiff or by some other person holding the real title. The question

of title cannot be raised where a party is in possession by disseizin. It is only where he has legally obtained the possession, that he can protect it by showing a deed from the plaintiff, or by a purchase and sheriff's deed at execution sale against the plaintiff.

The case of Gunn vs. Sinclair, 52 Mo., 327, so much relied on by defendant's counsel, is not in conflict with the doctrines here maintained.

The plaintiff in that case was the defendant's landlord, and during the pendency of the tenancy the defendant bought at execution sale the plaintiff's interest or title, and when sued in unlawful detainer by his landlord he was allowed to set up his execution purchase to defend his lawful possession. The court also held, in that case, that there is no distinction between sales *in invitum* or by the party himself holding the title. In either case, a tenant under section 15 of the Landlord and Tenant Act (2 Wagn. Stat., 880), can attorn to the purchaser. If the plaintiff's tenant had attorned to the defendant, and afterwards refused to deliver the possession at the end of the lease, he might have maintained an action for unlawful detainer and used his sheriff's deeds to prove his right to the possession.

The instructions given covered the whole case, and are substantially correct. Let the judgment be affirmed. The other Judges concur.