### IN

# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI.

### MARCH TERM, 1874, AT ST. LOUIS.

NELSON KINGMAN AND MARY U. KINGMAN, Respondents, *vs.*
WILLIAM H. ABINGTON AND ARCHIE HATCHETT, Appellants.

1. *Landlord and tenant—Forcible entry and detainer—Sale of premises—Attornment.*—Under the statutes of this State, in suit by the landlord against his tenant for forcible entry and detainer, defendant may show that plaintiff has parted with his title, as by sale under a deed of trust, provided that the tenant has attorned to the purchaser. (See Pentz vs. Kuester, 41 Mo., 447.)

2. *Posesssion of landlord after tenant's departure need not be personal.*—When a tenant leaves either at the end of the term or by surrender of the lease, the landlord comes into the sole possession of the premises although not personally present.

3. *Practice, civil—Circuit Court—Appeal set aside—New trial, etc.*—The Circuit Court has the right at the same term at which an appeal is allowed to set aside the order granting the appeal, and then grant a new trial.

4. *Forcible entry and detainer—Judgment for rents and profits—Joint judgment, when proper.*—Ordinarily, in proceedings under the forcible entry and detainer act, where one of the defendants comes into possession subsequently to the other, and holds it for a shorter time, a joint judgment for rents and profits would be improper. But where they are put in possession in pursuance of one general design and are acting in concert to hold the possession as agents of a third party, so as to shift the burden of proving title to the property, such judgment will not be held to be error.

46

*Appeal from St. Charles Circuit Court.*

The court refused the following instructions asked by defendant:

"The court declares the law to be, that when an appeal has been granted, the court has no further jurisdiction over the cause, and if the evidence in this cause shows that the verdict and judgment of the court in case of Kingman & Co. vs. Abington, rendered at its September term, 1871, has never been set aside, reversed or modified, then said judgment is still in full force and effect; and if the evidence further shows, that the subject matter in this suit is the same as in the former suit, then plaintiffs are barred by said judgment, and the verdict must be for the defendants.

*Kellar & Buckner*, for Appellants.

I. Whether O'Connor actually attorned to the grantees of the plaintiff, which he could have done, or defended himself on the ground that by the sale and deed the relation of tenant to his landlord had been extinguished, in either case his defense must have been successful. (Pentz vs. Kuester, 41 Mo., 447; Taylor Landl. and Tenant, § 629; Smith's Landl. and Tenant, p. 291, note and authorities there cited; 10 Hamp. 49; 6 Wend. 679; Tilghman vs. Little, 13 Ill., 241.)

II. The court should have given the instructions asked by defendants as to the effect of the former judgment of the inferior court, between the same parties, and for the same unlawful detainer. After granting of the appeal, the Circuit Court lost jurisdiction of the parties and the cause for every purpose. (Ladd vs. Cousins, 35 Mo., 513; Stewart vs. Stringer, 41 Mo., 403.)

*Lackland & Broadhead*, for Respondents.

VORIES, Judge, delivered the opinion of the court.

This was an action for unlawful detainer brought under the 3rd section of the statute of Forcible Entry and Detainer. (Wagn. Stat., 642.) The plaintiff, Mary U. Kingman, was a

resident of the State of Indiana prior to her marriage with Nelson Kingman, and was the owner and in possession by her agent of a certain house and lot of land described in the complaint, situate in the town of Millville in the County of St. Charles. The land was leased or rented by her agent to one Jerry O'Connor. The time for which O'Connor had leased the lot expired, and he was notified by the agent of the plaintiffs at Millville to vacate said house and lot, and deliver up the possession in order that the house might be repaired for the use and occupancy of the plaintiff. O'Connor, in conformity to said notice and request, did remove from said house and premises. Immediately after O'Connor had vacated the premises, or at least on the next day thereafter, one William J. McElheny who claimed to have obtained title to the premises by virtue of a sale under a deed of trust, executed by said plaintiff Mary before her marriage with Kingman, without the consent of said plaintiff or her agent, but against their will, took possession of the premises by putting one Wray and Keys in the house who remained there for a short time, when defendant Abington was put in possession of the premises, and sometime afterwards, defendant Hatchett was also put into possession by the said McElheny. Each and all of these parties were put into and held the possession as the agents of McElheny. Neither of them were to pay any rent, but went into the possession merely to hold the possession and take care of the premises for McElheny, with the agreement and understanding with McElheny, that if they were sued for the possession or otherwise put to costs, &c., he was to save them harmless from all damages.

The plaintiff, Mary U. May, before her marriage with Kingman, on or about the 20th of August, 1870, demanded the possession of the premises in writing of the defendants; which demand was made before the commencement of the suit. Another demand was made by Nelson Kingman and said Mary after their marriage in March, 1872, which was also before the commencement of the suit. There was evidence tending to prove that Hatchett held possession by the permis-

sion of James Goff and Erastus Wells, and that there was an understanding between McElheny, Goff and Wells; that this suit and the suit of May vs. Luckett grew out of the same transaction of McElheny vs. May, and that they were all connected, and that the property had been bought for Mc-Elheny, and that McElheny was the real party interested and that there was some kind of an arrangement between McElheny, Goff and Wells about the matter, and that it was McElheny's attorney who put Hatchett in possession or authorized him to go into the possession. It was charged in the complaint filed in this case, that the defendants, while the plaintiffs were in the possession of the premises, wrongfully and illegally entered upon the premises against the will of plaintiffs, and wrongfully and without force by disseizin obtained and continued in the possession, and detained the same after the demand made in writing, &c. On the trial of this case in the Circuit Court, where the same had been taken by appeal, the defendants offered in evidence a deed of trust purporting to have been executed by the plaintiff Mary U. May, before her marriage with Kingman, and which purported to convey the premises in question to one Oglesby, as trustee, with power to sell the land on certain conditions, and for certain purposes therein named; and also a deed from the sheriff of St. Louis county to James Goff and Erastus Wells, which purported to have been made under the power given in said deed of trust. These deeds were severally objected to by the plaintiffs, on the ground that they were immaterial; that they were title papers only tending to prove title in a stranger, which could not be inquired into in this case. The court sustained the objection and excluded the deeds and the defendant excepted.

The defendants also offered in evidence a transcript of proceedings and a judgment rendered by a justice of the peace in the case of Kingman and wife vs. Abington, and the record of the same case, when it had been taken and tried in the Circuit Court by appeal, and the papers filed in said cause, and parol evidence to prove that the subject matter in that

case was identical with the subject matter of this case. It was admitted that the subject matters in controversy in both cases was the same, and that the suit in the former case had been dismissed before judgment, and before commencement of this suit. The plaintiffs objected to the admission in evidence of said transcript and records so offered, because said evidence was irrelevant and immaterial. The evidence was excluded by the court and the defendant excepted.

The court, at the close of the evidence, at the request of the plaintiffs gave several instructions, and refused several asked for by the defendants. To the giving of said instructions, and to the refusing of those asked by the defendant, the defendant at the time excepted. After a verdict and judgment in favor of the plaintiffs, the defendants filed their several motions for a new trial and in arrest of judgment, assigning all of the usual grounds for said motions. These motions being severally overruled by the court, the defendants saved their several exceptions thereto and appealed to this court.

The principal questions presented in this court are as to the propriety of the rulings of the court below in excluding from the evidence in the case the deed of trust and trustee's deed offered in evidence by the defendant, and in excluding the transcripts of the judgment and proceedings had before the justice of the peace and in the Circuit Ct. in the case between Kingman and wife and Abington ; and also in rendering a joint judgment against both of the defendants for the rent and profits of the premises during the whole time that they were detained from the plaintiffs, although one of the defendants had only been in possession for a portion of the time.

Exceptions were also taken to the rulings of the court in giving and refusing instructions; but if the court properly excluded the evidence referred to, then the instructions refused being predicated on the excluded evidence were properly refused, and those given were substantially correct, and therefore it will not be necessary to further refer to the instructions.

It is insisted by the defendants, that the deed of trust and

trustee's deed ought to have been admitted in evidence, to show that the relation of landlord and tenant as to the property in question had been dissolved and extinguished by the act of the landlord. This might have been, and would have been true, if the tenant had attorned to the purchaser under the deed of trust, and the suit had been against the tenant; but in this case the tenant had not attorned, but had remained until his term had entirely expired, and gave up and vacated the property. The agent of the plaintiffs was there ready to take the possession of the property. O'Connor, the tenant, had been paying the agent rent up to the very day that he yielded the possession, and the agent was there the next day to take charge of the property, when he found that the possession had been taken by Abington and those acting in concert with him. It is true, that there is some evidence that tends to show that the wife of O'Connor (the tenant), had given her consent to Abington's entry, but the whole evidence taken together shows that this was a mere subterfuge. The tenant's time was out; the plaintiff's agent who had been receiving the rent and who had charge of the premises was there to take charge of the property; the tenant's lease had terminated; he had surrendered to the landlord; and although the agent was not present at the very moment that the tenant vacated the house, he was in contemplation of law in the actual possession, and the entry of defendants was unlawful and just such an entry as the law of forcible entry and detainer was intended to prevent. The facts of this case in every material feature are identical with the case of May vs. Luckett, 48 Mo., 482, and for the reasons given in that case, these deeds were properly excluded. This case is not different as it now stands, from what it would be, if the purchaser under the deed of trust had purchased while the plaintiffs were in the actual occupancy of the house, holding the actual possession of the lot, and the defendants had, against their consent, taken possession of the premises while the plaintiffs were temporarily from home for a few hours.

The next question is, as to the exclusion of the transcripts

and records and judgments from the justice's court and the Circuit Court in the same case on appeal. This court at the present term has decided that the Circuit Court has the right, at the same term at which an appeal is allowed, to set aside the order granting the appeal and then grant a new trial to the parties on their application. The record offered in evidence in this case, showed that the appeal had been set aside and a new trial granted, and it was admitted that the suit was then dismissed. Hence, it cannot be seen for what purpose the record could have been offered in evidence or what materiality there was in the evidence if it had been admitted. The evidence was therefore properly excluded.

The next ground of objection made by the defendants is, that the judgment for rents and profits was improperly rendered jointly against Abington and Hatchett, when Hatchett had only occupied the premises for a part of the time, and came into the possession long after Abington had been holding the possession of the premises. A joint judgment would ordinarily be improper under such circumstances; but in this case each and all of the parties who were in possession of this lot and house, seem to have been put into and to have taken the possession in pursuance of one general design; that they were all acting in concert to effect the same object, which was to hold the possession of the land for McElheny as his agents, so as to transfer the burden of proving title to the plaintiffs in this case, in place of a resort to an action of ejectment, as the law contemplates, by McElheny. He took this plan to force the plaintiffs to sue, and the defendants went into possession, without paying any rent to McElheny but for the mere purpose of keeping the plaintiff out of possession, under an arrangement that McElheny should save them all harmless. These defendants acted in concert to accomplish a common purpose; they acted together and defended the suit together, and ought to be responsible for each other's acts. There were some other minor points raised in the case, but it is not thought that they have any bearing on its merits.

Judges Adams and Wagner are absent; the other judges concurring, the judgment is affirmed.