## DICKSON *v.* LEHNEN.

*(Circuit Court, E. D. Missouri, E. D.   January 30, 1889.)*

1. LANDLORD AND TENANT—UNLAWFUL DETAINER—FRAUDULENT LEASE.
   Where a tenant, after the expiration of his original term, claims the right to hold the premises under a subsequent lease by his landlord to a third person, the landlord, in an action of unlawful detainer against the tenant, may show that such subsequent lease is void for fraud, such showing not being an inquiry into the merits of the title, which is prohibited by Rev. St. Mo. § 2443.

2. SAME—APPEAL—SUPERSEDEAS—EFFECT.
   The subsequent lease having been decreed to be void, to the tenant's knowledge, before he acquired any claim thereunder, it cannot be held to have been valid when the action of unlawful detainer was brought, because an appeal had been taken and a *supersedeas* bond given, the decree having been afterwards affirmed.

3. SAME—RES ADJUDICATA.
   Such decree, having been affirmed, is competent and conclusive evidence of the invalidity of the lease.

4. SAME—ESTOPPEL—REPRESENTATIONS BY ATTORNEY.
   The opinion of the landlord's attorney as to the effect of the appeal and *supersedeas* bond, on the right of the subsequent lessee to sublet the premises, concerns a question of law upon facts of which the tenant had full knowledge, and does not estop the landlord.

5. SAME—BURDEN OF PROOF.
   The tenant has the burden of proving representations of the landlord's attorney which are alleged to estop the landlord.

6. SAME—SURRENDER OF POSSESSION TO SUBSEQUENT LESSEE.
   A lease to commence on the expiration of a prior lease being of an executory character, and Rev. St. Mo. § 3080, permitting an attornment only with the landlord's consent, or to one who has acquired his estate and seisin by deed or execution sale, the prior lessee has no right to surrender the possession to the subsequent one without the landlord's consent, especially after a controversy as to the validity of the subsequent lease has arisen, and the lessee therein has been warned not to take possession.

At Law.

This was an action of unlawful detainer under section 2420 of the Revised Statutes of Missouri, which declares *inter alia* that "when any person shall willfully, and without force, hold over any lands, tenements, or other possessions after the termination of the time for which they were demised or let to him, or the person under whom he claims,   *   *   *   such person shall be deemed guilty of an unlawful detainer."   Plaintiff's ancestor, Edwin H. Farnsworth, heretofore leased 800 acres of land situated in Montgomery county, Mo., to Thomas H. Summers for a term of eight years ending January 1, 1886.   Defendant became the assignee of the lease, and entered into possession of the demised premises, and remained in possession to the end of the term.   Subsequently, on April 7, 1879, Farnsworth granted another lease for the same premises to one S. A. Kempinsky for the term of 10 years, to commence on January 1, 1886, when the first lease terminated.   Farnsworth died April 27, 1879, and thereafter this plaintiff, who was his devisee, brought suit against Kempinsky in the state court to cancel and annul the last-mentioned lease on the ground of fraud.   A decree annulling the same was rendered by the state circuit court on June 8, 1885, from which decree

the defendant therein prosecuted an appeal to the state supreme court, giving a *supersedeas* bond. The decree of the circuit court was affirmed by the supreme court in November, 1888. 9 S. W. Rep. 618. Pending the appeal, and on October 15, 1885, Kempinsky leased said premises to the defendant Lehnen for a term of 14 months, to commence January 1, 1886, when the lease under which defendant then held expired. At the time of the subletting last referred to, defendant knew of the suit affecting the Kempinsky lease, and had been a witness on the trial of the same in the circuit court, and was aware that it was pending on appeal in the supreme court. On December 24, 1885, plaintiff notified Kempinsky that any possession taken by the latter, or by persons claiming through him under the pretended lease of April 7, 1879, then in litigation, would be against plaintiff's will and consent. On January 23, 1886, defendant being still in possession, not having surrendered the premises to plaintiff, and claiming to hold them under Kempinsky, plaintiff made written demand of defendant for possession, and, the demand not being complied with, subsequently, on February 6, 1886, brought this action of unlawful detainer. The complaint was originally filed before a justice of the peace in Montgomery county, was thence taken to the circuit court of the county by writ of *certiorari*, and thence removed to the federal court on the ground of diverse citizenship.

*James O. Broadhead* and *G. B. Macfarlane*, for plaintiff.

*D. P. Dyer* and *David Goldsmith*, for defendant.

THAYER, J., (*after stating the facts as above.*) As this action is brought under a local statute, the various questions that have been discussed must be decided in strict conformity with the law of the state as interpreted by its highest courts. The main contention on the part of the defendant seems to be that the court has no power in this proceeding to determine whether the lease granted by Farnsworth to Kempinsky on April 7, 1879, was valid or invalid, as that would involve a trial of title, as to which no inquiry can be had in actions of forcible entry and detainer. Section 2443, Rev. St. Mo. It follows, of course, as a corollary from this proposition, that in the opinion of defendant's counsel the record of the decree of the circuit and supreme courts of the state, annulling the lease in question, is not admissible in evidence. If that view is correct, the result would be, in my opinion, that the defendant would have no right to introduce the Kempinsky lease, on which he wholly relies to justify his holding over after the termination of the lease under which he originally entered. The legislature, by prohibiting inquiry into the merits of title in this class of cases, could not have intended to allow a tenant, who has willfully held over after the termination of a given lease, to justify his act under a subsequent lease or deed executed by the lessor, and at the same time to prohibit the lessor or his heir from showing that such subsequent lease or deed was a forgery, or had been obtained by fraud, or had never been delivered. The construction of section 2443, *supra*, contended for by defendant's counsel, would logically confine the proof strictly to the questions whether the

defendant was a tenant of the plaintiff, and had held over after the end of his term, and neither party would be allowed to proceed a step beyond that point. As defendant admits both of these facts, he has no defense to the action if the position assumed is tenable. The fact is that it has often been held in this state that a tenant, when sued for an unlawful detainer committed by holding over, may show that since the date of his lease the lessor has parted with his reversion by a voluntary conveyance of the same, or that he has been divested of the same by a sale *in invitum* under execution upon a judgment, and that he (the tenant) has attorned to the vendee or purchaser under execution, as section 3080, Rev. St. Mo., permits him to do. *Kingman* v. *Abington*, 56 Mo. 46; *Pentz* v. *Kuester*, 41 Mo. 447; *Higgins* v. *Turner*, 61 Mo. 250; *Gunn* v. *Sinclair*, 52 Mo. 327. Such a defense has never been regarded as an inquiry into the merits of the title, within the meaning of section. 2443, *supra*, and .it is not made such by permitting the lessor to go a step further, and show, as against his tenant, that the deed invoked by the latter, and under which he has attorned or attempted to attorn, is a forgery, or was void *ab initio* for fraud. Under the decisions in this state there is a well-marked distinction between cases where a tenant merely holds over, and for that is guilty of an unlawful detainer, and cases where possession is obtained by a disseisin,—that is, by force, or by an original wrongful entry without force. In cases of the latter kind the question of title cannot be raised. The trial is confined strictly to proof or disproof of the acts amounting to a disseisin. But in cases of the former kind, where a tenant holds over, defendant may, as before shown, give in evidence deeds executed by his lessor; and when this is done an inquiry into the validity of such conveyances is, in my opinion, proper. *May* v. *Luckett*, 54 Mo. 438; *Same* v. *Same*, 48 Mo. 472. As defendant can only justify a holding over by an attornment made under a certain class of deeds, and cannot set up an outstanding title hostile to his lessor, there cannot, as a matter of course, be a general inquiry into the merits of title in this class of suits.

It is next insisted for the defendant that the Kempinsky lease must be held to have been valid when his suit was begun, notwithstanding the fact that six months before that time it had been adjudged by the circuit court to be null and void, because an appeal had been taken from the decree, and a *supersedeas* bond given. The appeal undoubtedly stayed for the time being the execution of the decree. It had no other effect. It did not operate to vacate the decree, and certainly it did not make that a valid lease at any time which was finally adjudged to be void *ab initio* on the ground of fraud. The decree of the state circuit court (the same having been affirmed in the supreme court) is offered in this case as conclusive evidence of a fact affirmed by the plaintiff, namely, that the lease in question never was a valid instrument, and it is competent for that purpose. The second contention of the defendant's counsel is accordingly overruled. When this ·suit was brought, and when his term expired, on January 1, 1886, and when he took a lease of Kempinsky, on October 15, 1885, defendant had knowledge that plaintiff .claimed that

the lease of April 7, 1879, was void, and that it had been so held by the state circuit court. In the light of these facts there appears to me to be no merit in the plea that the case should be treated precisely as it might be if defendant's lessor, Kempinsky, had held a valid lease, and had been entitled to possession of the premises in dispute on January 1, 1886. Defendant appears to have taken the chances, with full knowledge of all the facts, that the title which he elected to recognize would prove valid.

It is next insisted that plaintiff's attorney and agent, Mr. Hughlett, made representations to defendant, before he took a lease from Kempinsky, as to the latter's right and power to make a valid lease, which representations should estop the plaintiff from denying defendant's right to hold over under the lease from Kempinsky. Of this contention it is only necessary to say that there is much conflict of evidence as to the nature of the alleged representations, and the burden is on the defendant to show what they were. I conclude that Mr. Hughlett went no further in that matter than to express, an opinion as to the effect, the giving of an appeal-bond by Kempinsky had on his right to execute leases pending the appeal; and, even if it be conceded that the opinion expressed was in support of such right, it appears to me that it concerned a question of law only, arising on a state of facts as well known to defendant as to Mr. Hughlett, and that in giving such advice the latter cannot be regarded as acting for the plaintiff, and that for both reasons the plaintiff is not estopped, in the manner claimed, or in any manner.

In addition to the points already considered, notice must be taken of the point made by plaintiff's counsel, that the lease granted to Kempinsky on April 7, 1879, being for a term to commence nearly six years thereafter, did not vest him with any estate, even if it had been valid, but merely gave him a future right of entry upon the demised premises, which right could only be enforced by suit in ejectment, or by an action for damages for failure to give possession, if prior to the commencement of the term the lessor or his heir notified the lessee not to enter. There can be no doubt that at common law and under the laws of this state a lease to commence in future does not, like a deed, vest the lessee with an estate. Such an instrument creates only an *interesse termini*. It is of an executory character, and does not even give the lessee a constructive possession. Until actual entry with the lessor's consent, possession remains with the holder of the title, if there is no actual occupant. *Austin v. Mining Co.*, 72 Mo. 541, and cases cited; *Michau v. Walsh*, 6 Mo. 346; 1 Washb. Real Prop. (4th Ed) 442; 4 Kent Com. (11th Ed.) 106; 1 Greenl. Cruise, 243; Wood, Landl. & Ten. §§ 224, 225. Such being the nature of a lease to commence in future, I am of the opinion that defendant had no right in any event to surrender the possession to Kempinsky, without first obtaining his landlord's consent, and that he certainly had no right to so surrender the possession after a controversy as to the validity of Kempinsky's lease had arisen, and the latter had been warned not to take possession.

Defendant's duty was to restore possession to his landlord, under whom he had entered, or to his heir. If he had vacated the premises Kempin-

sky would have had no right to take possession in opposition to the wishes of the plaintiff. *May* v. *Luckett*, 48 Mo. 472. Section 3080, Rev. St. Mo., before alluded to, only allows a tenant to attorn to a stranger with consent of his landlord, or to some one who has acquired the lessor's estate and seisin since the letting, by a deed executed by the lessor, or by virtue of a sale under an execution against him. The statute does not recognize the tenant's right to surrender the premises in his charge, or to attorn, to a mere lessee, whose term is to begin after the tenant's term expires, and who has no estate by virtue of his lease, until he is let into possession by the owner of the premises.

There will be a judgment for plaintiff. The damages are assessed at $2,970, and the monthly value of the rents and profits at the sum of $110.