MICHAEL FORD, Appellant, v. H. F. FELLOWS,
Respondent.

### St. Louis Court of Appeals, March 5, 1889.

1. **Instructions :** ESTOPPEL. An instruction concerning a supposed
   estoppel, based on the plaintiff's disclaimer of any interest in
   certain property, is erroneous, if it omits the essential conditions
   that the disclaimer was made with the intention or expectation
   that the defendant would act on it, and that the defendant's entry
   was in consequence of the disclaimer.

2. **Unlawful Detainer :** ACTUAL POSSESSION. An actual prior
   possession by the plaintiff, which is essential to maintain the action
   of unlawful detainer, is not sufficiently shown, when it appears that
   the premises were destroyed by fire, and were thereupon abandoned
   by the tenant in occupancy, and that the lot remained entirely
   vacant for twelve months, during which time the plaintiff did
   nothing indicating that he was in possession of the lot, but told the
   defendant and others that his title was based on an invalid tax
   deed which he had sold to a former owner, so that he had no
   interest in the property, and further undertook to try to obtain
   such former owner's title for the defendant, in support of the title
   which the defendant then held.

*Appeal from the Greene Circuit Court.*—HON. W. F.
GEIGER, Judge.

AFFIRMED.

*Massey & McAfee*, for the appellant.

The finding of the court is against the law and the
evidence. To invoke estoppel, the declarations of aban-
donment alleged to have been made by the plaintiff must
have been made with the intention of inducing defendant
to act upon them. Bigelow on Estoppel ( 1 Ed. ) pp. 480,
552 ; *Bales v. Perry*, 51 Mo. 449 ; *Spurlock v. Sproule*,
72 Mo. 503 ; *Acton v. Dooley*, 74 Mo. 63.

*James R. Vaughan*, for the respondent.

This case was not determined in the trial court upon the doctrine of estoppel alone. It was there shown that any possession which the complainant may have had prior to the burning was thereafter abandoned, and that at the beginning of the suit, in July, 1885, complainant did not have the actual possession required by the law to maintain the action. The relation of landlord and tenant between Ford and his tenants of the house was broken and dissolved by the burning of the house ; the tenants at that time abandoned the premises, and while before the destruction of the property, Ford held possession through the tenant, after the fire his possession continued and remained vested in him until he had time by his acts to indicate his intentions as to the possession. If after the fire in this case, and after Ford had had sufficient time in which to indicate his intentions as to holding the possession, he failed to do so, his possession was *eo instante* dissolved and destroyed. *May v. Luckett*, 48 Mo. 472 ; *Edwards v. Cary*, 60 Mo. 572. In order to create an estoppel *in pais* it is not necessary that the party making the representations should intend the other party to act upon them. An intentional fraud is not essential in order to beget an estoppel. If a person so conducts himself, or expresses himself, that a reasonable person would infer a certain state of things to exist, and acts on that inference he shall be afterwards estopped from denying it. *Kinnear v. Mackey*, 5 Cent. Law Jour. 262 ; *Hill v. Epley*, 31 Penn. St. 334 ; *Brand v. Iron Co.*, 93 U. S. 327 ; *Horn v. Cole*, 51 N. H. 287 ; *Bales v. Perry*, 51 Mo. 449 ; *Austin v. Loring*, 63 Mo. 22. The trial in this case being before the court, and the judgment manifestly for the right party, the case will not be reversed, although this court might believe error was committed as to the instruction on the question of estoppel. *Moore v. Mountcastle*, 72 Mo. 605 ; *Erwin v. Ins. Co.*, 24 Mo. App. 145.

BIGGS, J., delivered the opinion of the court.

This is an action of unlawful detainer, brought by plaintiff against defendant, to recover possession of a lot in the city of Springfield. There was a judgment for plaintiff in the magistrate's court, but on appeal to the circuit court, the jury returned a verdict for the defendant. Plaintiff took the case by appeal to the supreme court, and the cause was, by order of the latter court, transferred to this court for determination.

There was no question about the possession of the lot by defendant at the time of the institution of the suit, and there was no controversy as to the actual possession of the same by plaintiff up to October, 1883. Defendant interposed two defenses to the action. (1) That at the time of the entry by defendant in October, 1884, the plaintiff was not in the *actual* possession of the premises, but had abandoned the same. (2) That plaintiff had prior to defendant's entry, in a conversation with defendant, disclaimed having any interest in said property, and that plaintiff was therefore estopped to assert that at the time of defendant's entry, he (plaintiff) was in the actual possession of said property.

On the latter defense, the court, on motion of defendant, instructed the jury as follows :

"3. That if about ten months after the said house was burned and the said lot was vacated and uninclosed, the plaintiff by his acts and statements, indicated and made known to the defendant that he, plaintiff, made no claim of any kind to the said lot, and had no claim or interest in the same, and that thereafter, he, defendant, went upon the said lot, and built upon and fenced the same, then the said plaintiff is estopped from asserting any right or claim contrary to such acts and statements and cannot maintain this action."

This instruction omits two necessary elements in every case of estoppel, to-wit : (1) That plaintiff made

the disclaimer of interest in the property, with the intention or expectation that defendant would act on it. (2) That defendant's entry was in consequence of such disclaimer.

The ground on which estoppels *in pais* are based is, that it would be inequitable and unjust to permit the party, sought to be estopped, to prove that any material matter, which he had formerly stated to be true, *was not*, in point of fact, *true*. And no cause falls within the above rule, unless it would be a positive fraud, as against the party urging the estoppel, 'to permit the other party to make the proof. Tested by this rule, it is quite obvious that the instruction falls short of the requirements of the law. Because if plaintiff made the declaration claimed, in a casual conversation, with no expectation or reason to believe that defendant would be induced to act on the statements as true, or if defendant was not induced to take possession of the lot on account of anything plaintiff may have said, but was moved thereto by other and different considerations, it would *not* be a *positive fraud* to permit the plaintiff to prove that he did, at the time of defendant's entry, have an interest in said lot. *Burke v. Adams*, 80 Mo. 513; *Eitelgeorge v. Building Ass'n*, 69 Mo. 52; *Spurlock v. Sproule*, 72 Mo. 503; *Bales v. Perry*, 51 Mo. 449; *Acton v. Dooley*, 74 Mo. 67. The evidence in the case fully warranted the giving of a correct instruction on this branch of the case, and a finding thereon for defendant would have been fully justified. But under the view we take of the other branch of the case, the judgment will not be reversed on account of the error in this instruction, because the evidence, as preserved in the bill of exceptions, shows that if the case was sent back for new trial, a different result could not be had. *Otto v. Bent*, 48 Mo. 23; *Chouteau v. Uhrig*, 10 Mo. 62.

The action of forcible entry and detainer, or of unlawful detainer, is purely a possessory action, and, in order to maintain it, the burden is on plaintiff to show

that, at the time of the entry by defendant, plaintiff was in the *actual possession* of the property, as contradistinguished from the *constructive* possession, arising from title. *Degraw v. Prior*, 53 Mo. 315 ; *Edwards v. Carey*, 60 Mo. 572 ; *Kingman v. Abington*, 56 Mo. 46 ; *May v. Luckett*, 48 Mo. 472 ; *Craig v. Donnelly*, 28 Mo. App. 342. On this question the court, on motion of plaintiff, instructed the jury as follows, to-wit :

"1. If plaintiff was in possession of the house on said lot by his tenant, or tenants, in October, 1883, and afterwards and while said property was so occupied by the tenant or tenants of plaintiff, said house was burned down and destroyed, and said tenant or tenants, in consequence of said burning, abandoned said premises ; that the possession of said premises was not by reason of said burning of said house and the abandonment of said premises by said tenant or tenants, abandoned by said plaintiff, but that his possession of said premises continued after said burning, and was such possession as to enable plaintiff to maintain this action."

For defendant the court instructed the jury that plaintiff must establish *actual* possession of the lot before he could recover.

Plaintiff's instruction is not the law. It *is* a correct legal proposition as stated in the instruction that, if the house on the premises was occupied by plaintiff's tenant at the time it was burned, and that the tenant, after the fire, abandoned the premises, that this did not amount to an abandonment of the possession by plaintiff. Plaintiff, under such circumstances, would be presumed to be in the *actual* possession of the lot, but *only* until he had sufficient time to indicate to the world what his intentions were concerning the possession. *May v. Luckett, supra ; Edwards v. Carey, supra.* In case of *Edwards v. Carey*, the facts were that the house and fences were burned, as in the case at bar, but there was evidence of the old improvements

on the land, and that defendant and his immediate grantor, from time to time, visited the land and superintended the same. The court said that these acts tended to show an intention to h old possession. But in this case the plaintiff (Ford) admitted that " the lot was entirely vacant from October, 18 83, ( at the time of the fire, ) up to October, 1884, the time defendant took possession ; that the house and fence on said lot had been entirely destroyed." There was no evidence or pretense that plaintiff, after the fire, had done anything indicating that he was in possession of said lot. But on the contrary, the evidence is very convincing, that plaintiff told defendant and others that his title to the property was based on a tax deed, which was not valid, and that he no longer had any interest in the property, but had deeded it to Mrs. McNelis, a former owner. Plaintiff denies that he told defendant or others that he had no interest in the property and that he had conveyed it to Mrs. McNelis, but he does admit that defendant asked him " to procure Mrs. McNelis' title for him " ( which plaintiff said he would try to do ). That he ( defendant ) had the better title, but he wanted to build on the lot, and for this reason would like to get Mrs. McNelis' title. Plaintiff says that during these negotiations nothing was said by him or by the defendant touching plaintiff's interest in said lot. If plaintiff, at the time of the conversations with defendant, which occurred just before defendant took possession, was claiming said property and was in possession of it, it is very strange that he did not make this fact known to defendant. He knew that defendant was endeavoring to perfect the title to the lot for the purpose of building on it, and agreed to assist defendant in procuring whatever title was held by Mrs. McNelis, yet he says he did not call defendant's attention to his ( plaintiff's) title or that he at that time was in the possession of

the property. The irresistible conclusion from the evidence is, that plaintiff, at the time of defendant's entry, had abandoned the possession of said lot. It follows that the judgment will be affirmed. All the judges concur.