P. P. COLLIER, Appellant, v. J. F. GREEN, Respondent.

St. Louis Court of Appeals, February 13, 1900.

1. **Forcible Entry and Detainer: POSSESSION: DISPOSSESSION BY FORCE, NECESSARY.** The tenants of plaintiff assigned their lease to defendant before it expired, and at the same time appointed him their agent with directions to carry out its covenants; plaintiff demanded possession of the premises, and after refusal thereof, commenced this action. Held, that plaintiff had no such possession as the law required to sustain an action of forcible entry and detainer, and held further, that it was not even sufficient to sustain unlawful detainer.

2. ———: **CHARACTER OF POSSESSION, NECESSARY.** To maintain an action of forcible entry and detainer, it is indispensable that plaintiff should be in the actual possession of the property sought to be recovered, and should be dispossessed by actual or constructive violence.

Appeal from the Audrain Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*P. H. Cullen* and *W. A. Edmonston* for appellant.

The court gave the jury the following instruction:

"The court instructs the jury that the contract read in evidence was sufficient to give defendant possession of the farm of plaintiff under the tenants of Larmer & Laswell, and if the jury believe that plaintiff was not in possession of said farm, but defendant was under said contract on October 4, 1898, and that he remained in possession under said contract, then your verdict should be for defendant." This was obvious error. It tells the jury that the contract is sufficient to give defendant possession. Even if the contract

was, in its terms, sufficient to give defendant possession such an instruction would be erroneous. It is not the right of possession that is in issue in this case, but the fact of possession and the forcible entry into such possession. Yet this instruction in effect tells the jury the contract gives defendant possession. As a matter of fact this contract does not, by its terms, or by any fair construction, give possession or give even a right of possession, and the giving of this instruction caused defendant to get a verdict. The contract gives defendant only the right to enter said premises to remove the crop, etc. and to look after the farm and protect the same from injury, a mere license only being given, but whether said contract be construed as giving the right of possession or not, it certainly does not give actual possession, and the jury were erroneously instructed that it did, and for this error—manifestly prejudicial—the cause should be reversed.

*Fry & Clay* for respondent.

(1) In actions for forcible entry and detainer the title is not to be inquired into. Its purpose is to prevent the use of force by any person in asserting his supposed rights to the possession of property held by another. Sitton v. Sapp, 62 Mo. App. 197. (2) It must be shown plaintiff was in the actual possession of the premises at the time defendant entered. Armstrong v. Hendrick, 67 Mo. 542. This issue was clearly submitted to the jury under the evidence and plaintiff has no ground for complaint. The evidence shows and the jury found defendant did not obtain possession by force, but peaceably, under the written contract with plaintiff's tenants; and, further, plaintiff was not in possession when defendant entered.

BOND, J.—Plaintiff brought an action of forcible entry and detainer for 145 acres of land in Audrain county, Mis-

souri, which was removed by defendant from the justice to the circuit court by *certiorari*. On a trial there defendant had judgment, from which plaintiff appealed.

The undisputed facts are: That plaintiff leased premises to the assignors of defendant for a term ending March, 1899, for a rental evidenced by a note for $75 and a certain part of the future crops; that in October, 1898, the tenants sold their interest in the ungathered crops to defendant and by written authority put him in possession as their agent; that he entered upon the place under this authority, gathered the crops, delivered over to plaintiff the portion coming to him, and retained the remainder for himself. Plaintiff testified that when his tenants had decided to leave the place, he appeared there and got a promise from the wife of one of them to surrender the key to him, and that he demanded and intended to take possession of the property; that he did some repairs on the premises; that he did not get the key, but it was delivered by the tenants to defendant, who thereupon went into possession of the premises, and was occupying them when this suit was brought.

Upon these facts the only mistake on the part of the trial court was in submitting to the jury the question of possession of plaintiff at the time of defendant's entry. Plaintiff did not then have such a possession as is necessary to maintain an action of forcible entry and detainer. The actual holding was then in his lessees, and they turned it over to their agent, defendant. To maintain an action like the present it is indispensable that the plaintiff should be in the actual possession of the property sought to be recovered and should be dispossessed by actual or constructive violence. Armstrong v. Hendrick, 67 Mo. 542. This is not an action for either of the two kinds of unlawful detainer (Anderson v. McClure, 57 Mo. App. loc. cit. 96), but is shown by the petition to be predicated solely on the statute defining forcible entry and de-

tainer, the essence of which is the use of force, actual or constructive in the act of dispossession. R. S. 1899, sec. 3320. As the tenants of plaintiff never surrendered to him, and as their lease had not expired when they appointed the defendant their agent to comply with the covenants imposed upon them, the plaintiff did not have such a possession as would have sustained unlawful detainer, even if his suit had been brought in that form. May v. Luckett, 48 Mo. 472; Kingman v. Abington, 56 Mo. 46. Clearly the judgment in this case was for the right party, it is therefore affirmed. All concur. Judge *Biggs* in result.